**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ivar Q. BLACKNER,**
**Defendant–Appellant.**

**No. 88–2780.**

United States Court of Appeals,
Tenth Circuit.

April 18, 1990.

Gordon Campbell, Asst. U.S. Atty., Salt Lake City, Utah (Brent D. Ward, U.S. Atty., Salt Lake City, Utah, with him on the brief) for plaintiff-appellee.

Ronald J. Yengich of Yengich, Rich, Xaiz & Metos, Salt Lake City, Utah, for defendant-appellant.

Before SEYMOUR, HENLEY * and BALDOCK, Circuit Judges.

* The Honorable J. Smith Henley, Senior United States Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

1. The Honorable Bruce S. Jenkins, Chief Judge, United States District Court for the District of Utah.

HENLEY, Senior Circuit Judge.

In this appeal, Ivar Q. Blackner challenges his mandatory ten-year sentence imposed by the district court[1] following his guilty plea to possession with intent to distribute approximately two pounds of cocaine valued in excess of $35,000.00 in violation of 21 U.S.C. § 841(a).[2] We affirm.

Blackner argues that the mandatory minimum sentence provisions of 21 U.S.C. § 841(b)(1) violate due process and the eighth amendment as applied to a drug addict. The statute, in pertinent part, provides that "[i]n case of a violation of subsection (a) of this section ... such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life."

Blackner relies on *Robinson v. California*, 370 U.S. 660, 666, 82 S.Ct. 1417, 1420, 8 L.Ed.2d 758 (1962), in which the Supreme Court held that a "statute which makes the 'status' of narcotic addiction a criminal offense" violated the eighth amendment. He also relies on *Watson v. United States*, 439 F.2d 442, 453 (D.C.Cir.1970) (en banc), in which the court suggested that *Robinson* may bar punishment of a "non-trafficking addict possessor."

Blackner's reliance on *Robinson* and *Watson* is misplaced. In *Yanez v. Romero*, 619 F.2d 851 (10th Cir.), *cert. denied*, 449 U.S. 876, 101 S.Ct. 221, 66 L.Ed.2d 98 (1980), this court found that a conviction for possession of narcotics did not violate *Robinson*. This court distinguished *Robinson*, noting that *Robinson* did not involve a statute " 'which punishes a person for the use of narcotics, for their purchase, sale or possession.' " *Id.* at 852 (quoting *Robinson*, 370 U.S. at 666, 82 S.Ct. at 1420). As stated in *United States v. Klein*, 860 F.2d 1489, 1497 n. 12 (9th Cir.1988), and applicable here, "[p]ossession with intent to distribute a large quantity of cocaine is, un-

2. In agreeing to plead guilty, Blackner reserved the right to challenge the constitutionality of the mandatory sentence.

like the simple state of addiction, a culpable act."

■ We also find Blackner's argument that his conviction violated equal protection because he would have received a different sentence under state law to be without merit. *See Government of Virgin Islands v. Dowling,* 866 F.2d 610, 615–16 (3rd Cir. 1989) (different penalties under federal and state law "for the same type of offense do not constitute a violation of equal protection").

■ It may be observed that the written judgment filed in the district court reflects that the sentence was imposed pursuant to 18 U.S.C. § 4205(b). However, the sentencing transcript clearly reflects that sentence was imposed under 21 U.S.C. § 841. Thus, the written judgment contains an apparent clerical error. It is firmly established in this circuit that an orally pronounced sentence controls over a judgment and commitment order when the two conflict. *United States v. Villano,* 816 F.2d 1448, 1450 (10th Cir.1987) (en banc). It is also clear that under Fed.R.Crim.P. 36 a clerical mistake in a judgment may be corrected at any time.

We affirm the judgment of conviction and sentence as orally pronounced but suggest that following receipt of our mandate the district court give consideration to correction of its written judgment.

Affirmed.