**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**John COREY, Defendant–Appellant.**

**No. 92–1223.**

United States Court of Appeals,
Tenth Circuit.

July 21, 1993.

---

Bruce F. Black, of Holme, Roberts & Owen, Denver, CO, for defendant-appellant.

John Corey, pro se.

Michael J. Norton, U.S. Atty., and David M. Conner, Asst. U.S. Atty., for plaintiff-appellee.

Before TACHA, BALDOCK, and KELLY, Circuit Judges.

TACHA, Circuit Judge.

John Corey appeals a sentence imposed by the district court after Corey pleaded guilty to one count of armed bank robbery in violation of 18 U.S.C. §§ 22 and 2113(a) and (d) ("Count I") and one count of using a firearm during the commission of a violent crime in violation of 18 U.S.C. §§ 2 and 924(c)(1) ("Count II"). We exercise jurisdiction under 18 U.S.C. § 3742 and affirm.[1]

## JURISDICTION

We asked the parties to brief separately the issue whether Mr. Corey filed a timely notice of appeal. The district court sentenced Corey on June 29, 1992 and entered final judgment on July 1, 1992. Under Fed. R.App.P. 4(b), Corey had ten days to file a notice of appeal but did not do so. Instead, on July 6, 1992, Corey filed a "Motion to Reopen Sentencing" in which he requested the court to reconsider its denial of a United States Sentencing Guidelines § 3B1 "role in the offense" reduction. Corey filed the motion pursuant to Fed.R.Crim.P. 35(c) and contended that, because he was not aware at the time of sentencing of an addendum to the presentence report which recommended a reduction in his offense level, the court should reopen sentencing "to allow full and proper consideration" of the addendum. After a hearing, the court denied Corey's motion in a July 13, 1992 minute order. On July 21, 1992, within ten days of the denial of his motion to reopen sentencing, Corey filed his notice of appeal. Corey argues that his July 21, 1992 notice was timely as to the July 1, 1992 final judgment because his Motion to Reopen Sentencing delayed the running of the period in which to file the notice of appeal. We agree.

■ It is well established that a motion for rehearing or reconsideration of an order in a criminal case that is filed within the permissible time period for appeal renders an otherwise final order of the district court nonfinal

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

until disposition of the motion. *See, e.g., United States v. Ibarra,* —— U.S. ——, ——, 112 S.Ct. 4, 5, 116 L.Ed.2d 1 (1991); *United States v. Dieter,* 429 U.S. 6, 8, 97 S.Ct. 18, 19, 50 L.Ed.2d 8 (1976). In *United States v. Healy,* 376 U.S. 75, 84 S.Ct. 553, 11 L.Ed.2d 527 (1964), the Supreme Court first expressly applied the rule, which was already established in civil cases, to a criminal case. *Id.* at 78–80, 84 S.Ct. at 555–57. Although no statutes or procedural rules governed the effect of petitions for rehearing, the Court reasoned that to deprive a party

> of the opportunity to petition a lower court for the correction of errors might, in some circumstances, actually prolong the process of litigation—since plenary consideration of a question of law here ordinarily consumes more time than disposition of a petition for rehearing—and could, in some cases, impose an added and unnecessary burden of adjudication upon this Court.

*Id.* at 80, 84 S.Ct. at 556. The question we must address is whether a timely Rule 35(c) motion, like the petition for rehearing addressed in *Healy,* delays the running of the time fixed for taking an appeal until the district court disposes of the motion. A brief review of the history of Rule 35(c) is thus in order.

■ Before the Sentencing Reform Act of 1984 ("SRA") took effect on November 1, 1987, it was clear that the *Healy* doctrine applied to Rule 35 motions to correct or reduce criminal sentences. *See United States v. Kalinowski,* 890 F.2d 878, 882 (7th Cir.1989). The applicability of the doctrine became less clear, however, after the SRA amended Rule 35. On its face, the amended rule authorized the correction of a sentence only on remand, *see* Fed.R.Crim.P. 35(a) (as amended Oct. 12, 1984), and the reduction of a sentence only upon motion by the government "to reflect a defendant's subsequent, substantial assistance in the investigation of prosecution of another person who has committed an offense," *see id.* 35(b). It thus appeared that, absent the situation identified in subdivision (b), district courts no longer had the authority to entertain motions to correct or reduce criminal sentences.

After the amended rule took effect, however, several courts of appeals held that the district courts retained the "inherent" authority to correct obvious sentencing errors within the time fixed for filing an appeal. *See, e.g., United States v. Rico,* 902 F.2d 1065, 1067–68 (2d Cir.), *cert. denied,* 498 U.S. 943, 111 S.Ct. 352, 112 L.Ed.2d 316 (1990); *United States v. Cook,* 890 F.2d 672, 674–75 (4th Cir.1989).[2] Moreover, both the First and Fifth Circuits held that the amendment to Rule 35 did not abrogate the *Healy* doctrine. *See United States v. Carr,* 932 F.2d 67, 71–72 (1st Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 112, 116 L.Ed.2d 82 (1991); *United States v. Greenwood,* 974 F.2d 1449, 1470–71 (5th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 2354, 124 L.Ed.2d 262 (1993). Although those courts were unwilling to describe the extent of the district courts' authority to reconsider sentences, they each held that a motion for reconsideration brought within the time for taking an appeal would continue to delay the running of the appeal period until disposition of the motion. *See Carr,* 932 F.2d at 71–72; *Greenwood,* 974 F.2d at 1471.

After the SRA amendment, Rule 35 was again amended to add subdivision (c), which provides that "[t]he court, acting within 7 days after the imposition of sentence, may correct a sentence that was imposed as a result of arithmetical, technical, or other clear error." Fed.R.Crim.P. 35(c) (effective December 1, 1991). The Advisory Committee notes that the new subdivision is intended

> to recognize explicitly the ability of the sentencing court to correct a sentence imposed as the result of obvious arithmetical, technical or other clear error, if the error is discovered shortly after the sentence is imposed.... The amendment in effect codifies the result in [*Cook* and *Rico*] but

---

**2.** Although this circuit never expressly adopted that position, in one case we did permit the district court to resentence the defendant during the time that the government could take an appeal, even though the amended version of Rule 35 was in effect. *See United States v. Smith,* 929 F.2d 1453, 1457–58 (10th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 146, 116 L.Ed.2d 112 (1991); *see also id.* at 1461–63 (McKay, J., dissenting) (discussing applicability of amended Rule 35).

provides a more stringent time requirement.

Fed.R.Crim.P. 35 advisory committee's note (1991 amendment).

We conclude that, under the *Healy* doctrine, a timely Rule 35(c) motion delays the running of the time fixed for taking an appeal until the district court disposes of the motion.[3] Subdivision (c) codifies in limited form the inherent authority of the district courts to correct sentencing errors. That authority, although limited in scope, is no different in kind from the authority to address motions for rehearing or reconsideration recognized in *Healy* and its progeny. In each case, the party asks the court to "'reconsider [a] question decided in the case' in order to effect an 'alteration of the rights adjudicated.'" *Dieter*, 429 U.S. at 8–9, 97 S.Ct. at 19–20 (quoting *Department of Banking v. Pink*, 317 U.S. 264, 266, 63 S.Ct. 233, 234, 87 L.Ed. 254 (1942); *see also Greenwood*, 974 F.2d at 1466 ("Motion for Resentencing" qualifies as motion for reconsideration under *Healy*); *Kalinowski*, 890 F.2d at 880, 882 (motion for "correction of an illegal sentence" qualifies as motion for reconsideration under *Healy*). Thus, the animating concern of *Healy*—that appellate courts avoid the unnecessary burden of adjudicating issues that still might be resolved below—also prevails in this case. We therefore agree with the First and Fifth Circuits that "[u]ntil the Supreme Court, Congress or the bodies collectively responsible for adopting the Federal Criminal Rules send a clearer signal that [*Healy* ] is not still the law [in the context of motions to reconsider sentences], we believe it incumbent on us to follow it."

*Carr*, 932 F.2d 67, 71; *see also Greenwood*, 974 F.2d at 1471 (quoting *Carr* ). Because Corey's Rule 35(c) motion delayed the running of the time fixed for filing his appeal, his July 21, 1992 notice was timely.[4]

## SENTENCING

As is sometimes the case, the merits of Mr. Corey's appeal are less complex than the jurisdictional issue that accompanies them. In its oral ruling, the district court sentenced Corey to thirty months imprisonment and five years supervised release for his conviction on Count I and sixty months imprisonment and three years supervised release on Count II. The terms of imprisonment are to be served consecutively, and the terms of supervised release are to be served concurrently. The written judgment, however, states that Corey "shall be on supervised release for a term of five (5) years as to Counts I and II, to be served concurrently." Corey argues that the written judgment imposes on him a five-year term of supervised release for Count II, which is greater than the three-year maximum allowed for Class D felonies under 18 U.S.C. § 3583(b)(2).

We agree that the written judgment exceeds the statutory maximum. *See id.* § 3559(a)(4) (classifying offense with five-year maximum term of imprisonment as Class D felony); *id.* § 924(c)(1) (mandating five-year term of imprisonment). It is firmly established, however, "that an orally pronounced sentence controls over a judgment and commitment order when the two conflict." *United States v. Blackner*, 901 F.2d 853, 855 (10th Cir.1990). In this case, be-

---

3. Although the parties and some courts describe this as "tolling" the time for taking an appeal, that is not precisely right. "Tolling" would describe the situation if, after the district court disposed of the motion, the time remaining on the clock were calculated by subtracting from the full period whatever time ran before the motion was filed. In this case, the motion renders the otherwise final judgment nonfinal, and the appeal period starts anew upon disposition of the motion. *See Ibarra*, —— U.S. at —— n. 2, 112 S.Ct. at 5 n. 2; *Greenwood*, 974 F.2d at 1466 n. 11.

4. It is irrelevant whether Corey could have prevailed on the grounds asserted in his motion.

The Supreme Court has made clear that, because "there is no certain way of deciding in advance which motions for reconsideration have the requisite degree of merit, and which do not. . . . , it is far better that all such motions be subsumed under one general rule—the rule laid down in *Healy*." *Ibarra*, —— U.S. at ——, 112 S.Ct. at 6. Because district courts retain the authority to correct sentences under Rule 35(c), the *Healy* doctrine applies to all timely motions asking the court to exercise that authority, whether or not the motions have merit. Otherwise, "litigants would be required to guess at their peril the date on which the time to appeal commences to run." *Id.*

cause the oral sentence is unambiguous and in direct conflict with the written judgment, the oral sentence controls. *See id.* The proper remedy in this situation is for the district court to correct the error in the written judgment pursuant to Criminal Rule 36, which provides: "Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders." Fed.R.Crim.P. 36. On remand, the court may correct the error in the written judgment upon motion by Mr. Corey or *sua sponte.*

We reject the remainder of Corey's arguments as without merit. We therefore **AFFIRM** the oral sentence and **REMAND** the case to the district court. Mr. Corey's counsel's motion to withdraw is **DENIED.**