**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 4 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

JOHN COREY,

     Defendant-Appellant.

No. 97-1084
(D.C. No. 96-N-531, 92-CR-37)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL** and **KELLY**, Circuit Judges.

Background and Procedural Posture

On October 18, 1991, John Corey and three accomplices robbed a federal

credit union in Westminster, Colorado. (See Aplt. App. #2, attachment 2 (Corey

Plea Agreement). Two of Mr. Corey's accomplices were armed. Mr. Corey was

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, *res judicata*, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

not. (See id.) Mr. Corey subsequently pleaded guilty to one count of armed robbery of a financial institution, in violation of 18 U.S.C. §§ 2 and 2113(a) and (d), as well as one count of aiding and abetting the use of a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1). See United States v. Corey, 999 F.2d 493, 494 (10th Cir. 1993). Mr. Corey was sentenced to 30 months imprisonment for count one, to be followed by 60 months imprisonment for count two, to be followed by a term of supervised release of five years. Mr. Corey appealed his sentence to this court, and we affirmed. See id. at 496-97.

On December 13, 1993, Mr. Corey filed a motion under 28 U.S.C. § 2255 with the district court, challenging his conviction on the grounds that the United States lacked jurisdiction over his crime. See Corey v. United States, No. 93-F-2613 (D.Colo. August 31, 1994) (unpublished order). The district court rejected his motion. See id. No appeal was filed. Then, on March 6, 1996, Mr. Corey filed a second § 2255 motion with the district court, this time challenging his § 924(c) conviction in light of Bailey v. United States, 116 S. Ct. 501 (1995). (See Aplt. App. #2). The district court denied this motion, holding that Mr. Corey had not shown "that he was prejudiced by . . . the Government's reliance on a pre-*Bailey* interpretation of" § 924(c), nor had he shown that "a fundamental miscarriage of justice will result if his conviction and sentence . . . are not

vacated." Corey v. United States, No. 96-N-531 at 8 (D. Colo. Feb. 12, 1997) (unpublished order).

Mr. Corey here appeals the district court's dismissal of his 1996 § 2255 motion.[1]  Because Mr. Corey's § 2255 motion was filed with the district court before enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the provisions of that act requiring § 2255 appellants to obtain a certificate of appealability, as well as the provisions regarding second § 2255 motions, do not apply in this case.  See United States v. Kunzman, 125 F.3d 1363, 1365 n.2 (10th Cir. 1997).   After considering Mr. Corey's appeal on the merits, we agree with the district court's legal analysis of Mr. Corey's motion, and affirm its dismissal.

Standard of Review

When reviewing the denial of a § 2255 motion, we review the district court's legal rulings de novo, and its findings of fact for clear error.  See United States v. Cox, 83 F.3d 336, 338 (10th Cir. 1996).   Because Mr. Corey filed his § 2255 motion pro se, we consider his pleadings liberally.  See Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991).

---

[1] On June 23, 1997, this court dismissed Mr. Corey's appeal for lack of prosecution, but we subsequently granted his motion to reopen the appeal.  (See Susie Tidwell, Memorandum of October 23, 1997.)

Discussion

Ordinarily a defendant's unconditional guilty plea waives all nonjurisdictional challenges to his conviction. See Kunzman, 125 F.3d at 1365. Accordingly, a defendant is generally precluded from collaterally attacking a voluntary and intelligent guilty plea. See United States v. Barnhardt, 93 F.3d 706, 708 (10th Cir. 1996) (citing United States v. Broce, 488 U.S. 563, 565 (1989)). However, an inmate may challenge a conviction under § 924(c)(1) when the factual basis for a guilty plea does not constitute a crime under that section. See Barnhardt, 93 F.3d at 708.

An inmate may not collaterally challenge a conviction on grounds that could have been raised and disposed of on direct appeal unless he can prove sufficient cause or prejudice for his failure to mount his attack, or that a fundamental miscarriage of justice would otherwise result. See United States v. Holland, 116 F.3d 1353, 1356 (10th Cir. 1997).

Mr. Corey contends that the Supreme Court's decision in Bailey v. United States, 116 S. Ct. 501 (1995), altered the law regarding aiding and abetting of the use of a firearm in relation to a drug trafficking offense under 18 U.S.C. § 924(c)(1), and that consequently there is now cause to find that there was no basis for his guilty plea to aiding and abetting the use of a firearm during a crime. We have held that Bailey applies retroactively to cases on collateral review. See

Holland, 116 F.3d at 1355-56 (citing Barnhardt, 93 F.3d at 708-09). However, Bailey only altered the legal interpretation of the statutory term use in § 924(c) convictions. We have never held that Bailey altered in any way the law governing aiding and abetting another's use of a firearm in violation of § 924(c). We decline Mr. Corey's invitation to do so here. Because the substantive law governing aiding and abetting a § 924(c)(1) violation was not altered by Bailey, and because it is clear that his accomplices used a gun during the commission of the robbery, Mr. Corey fails to show cause, prejudice, or that a fundamental miscarriage of justice resulted from his and the district court's reliance upon a pre-Bailey analysis of his guilty plea.

Mr. Corey also challenges the district court's application of a Second Circuit case, United States v. Medina, 32 F.3d 40 (2d Cir. 1994), to his § 2255 motion.[2] In Medina, the court held that a defendant cannot be convicted of aiding and abetting a § 924(c) violation without a showing that the defendant "performed some act that directly facilitated or encouraged the use or carrying of a firearm." Id. at 45. The court went on to say that "a defendant who is present but unarmed during the commission of a crime may ([] by division of labor) make it easier for

_____

[2] Even though Medina does not constitute an intervening change in the law sufficient to create cause to overturn Mr. Corey's conviction, the district court found the case to reflect the law in the Tenth Circuit and thus useful guidance in its review of Mr. Corey's guilty plea. Our analysis of Medina comports with that of the district court.

- 5 -

another to carry a firearm and therefore aid and abet that act." Id. at 47. The district court held that under Medina the undisputed facts underlying Mr. Corey's guilty plea supported his conviction of aiding and abetting a § 924(c) violation. See Corey v. United States, No. 96-N-531 at 7-8 (D. Colo. Feb. 12, 1997). We agree.

Mr. Corey does not contest the fact that his accomplices used firearms during the course of the robbery, and that he knew in advance that they would. Instead, Mr. Corey asserts that because mere "presence and knowledge" that an accomplice will use a firearm during a crime are insufficient to support an aiding and abetting conviction, the facts of his case do not support his conviction for aiding and abetting a § 924(c) violation under Medina. (See Aplt. Br. at 8-9.)

Here, Mr. Corey (1) was present during the robbery; (2) he was aware that his accomplices planned to use and did use firearms during the course of the robbery; and (3) he assisted in the crime by gathering money, which in turn allowed his armed accomplices to keep the credit union's employees and customers efficiently subdued. See Corey v. United States, No. 96-N-531 at 7-8 (D. Colo. Feb. 12, 1997); see also United States v. Corey, No. 92-CR-37 (D. Colo May 4, 1997) (Corey Plea Agreement). Mr. Corey clearly shared in his accomplices' intent to use firearms during the robbery in violation of § 924(c). See United States v. DeSantiago Flores, 107 F.3d 1472, 1478 (10th Cir. 1997).

What's more, his actions amount to exactly the sort of "division of labor" that the Medina court held would support an aiding and abetting conviction under § 924(c). See Medina, 32 F.3d at 47.

Under Medina, it must be shown that the defendant specifically intended to facilitate the use of a gun during the commission of the underlying crime. As discussed above, the district court correctly noted that Mr. Corey's division of labor plan was designed to both enable and facilitate his accomplices' use of firearms during and in furtherance of the robbery. Thus, there was more than a sufficient basis for Mr. Corey's guilty plea to aiding and abetting a § 924(c) violation.

Conclusion

For the reasons stated above, the district court's dismissal of Mr. Corey's § 2255 motion is AFFIRMED.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge
