**Ronald Stephen WHITE, Movant**

v.

**UNITED STATES of America, Respondent.**

**No. CIV.A. 97–0326–R.
CRIM. A. Nos. 91–00031–C, 92–00034–C.**

United States District Court,
W.D. Virginia,
Roanoke Division.

May 26, 1998.

Ronald Stephen White, Estill, SC, pro se.

Kenneth Martin Sorenson, U.S. Attorney's Office, Roanoke, VA, for Respondent.

## MEMORANDUM OPINION

MICHAEL, Senior District Judge.

Movant Ronald Stephen White was convicted of bank robbery under 18 U.S.C. § 2113 (Count 1 of 91–00031–C), carrying a firearm during the commission of a crime of violence under 18 U.S.C. § 924 (Count 2 of 91–00031–C), and escape from custody under 18 U.S.C. § 751 (Count 1 of 92–00034–C). On May 24, 1993, the defendant was sentenced in 91–00031–C to sixty months on Count 1 and sixty months on Count 2, to run

consecutively to the term imposed in Count 1. On the same day, the defendant was sentenced to twelve months on Count 1 in 92–00034–C. At the sentencing hearing, this court stated that the sentence in 92–00034–C was to run concurrent to the sentence in 91–00031–C. However, the Judgment in a Criminal Case, signed by this court, stated that the sentences were to run consecutively. Defendant filed a habeas corpus action under 28 U.S.C. § 2255, seeking relief for a variety of alleged violations of his rights. The Hon. James C. Turk denied relief as to all of defendant's claims except one. Judge Turk transferred the habeas action, 97–0326–R, to this court for adjudication of a claim by the movant that the Judgment in a Criminal Case stated his sentence in error.

Federal Rule of Criminal Procedure 36 provides that: "Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders." An inspection of the transcript of the May 24, 1993 sentencing hearing in criminal actions 91–00031–C and 92–00034–C indicate clearly that the court sentenced the defendant, Stephen White, to sixty months for each of two counts in action number 91–00031–C to run consecutively and to twelve months for the one count in 92–00034–C to run *concurrently* to the sentence in 91–00031–C. When the written sentence of a court conflicts with the sentence pronounced in open court at the sentencing hearing, the written sentence must be amended to conform to the oral sentence. *Rakes v. United States,* 309 F.2d 686, 687–88 (4th Cir.1962); *United States v. Morse,* 344 F.2d 27, 29 n. 1 (4th Cir.1965). As *Rakes* explains,

> It has long been established that the defendant in a criminal case must be personally present at every stage of the trial; *Lewis v. United States,* 146 U.S. 370, 13 S.Ct. 136, 36 L.Ed. 1011, and Rule 43 of the Federal Rules of Criminal Procedure specifically so provide. Thus, it follows that the sentences to be served in these cases are those pronounced in the defendant's presence in open court and not those set out in the written judgments of the court.

309 F.2d at 687–88. *See also United States v. Daddino,* 5 F.3d 262, 266 n. 5 (7th Cir. 1993) (noting that almost every circuit has recognized the rule that, when the oral sentence is unambiguous, it governs if the oral and the written sentences conflict), *citing United States v. Lewis,* 626 F.2d 940, 953 (D.C.Cir.1980); *United States v. Pugliese,* 860 F.2d 25, 30 (2nd Cir.1988); *United States v. Chasmer,* 952 F.2d 50, 52 (3rd Cir.1991); *Morse, supra,* 344 F.2d at 29 n. 1; *United States v. McAfee,* 832 F.2d 944, 946 (5th Cir.1987); *United States v. Glass,* 720 F.2d 21, 22 n. 2 (8th Cir.1983); *United States v. Bergmann,* 836 F.2d 1220, 1222 (9th Cir. 1988); *United States v. Blackner,* 901 F.2d 853, 855 (10th Cir.1990); *United States v. Khoury,* 901 F.2d 975, 977 (11th Cir.1990). Because the May 24, 1993 Judgment in a Criminal Case conflicted with this court's oral imposition of sentence in open court on May 24, 1993, the written judgment must be amended to conform to the oral sentence.