**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 9 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOSEPH V. LIBRETTI, JR.,

Defendant-Appellant.

Nos. 97-8039
97-8044
97-8089
(D.C. No. 92-CR-0006-01B)
(D. Wyo.)

---

**ORDER AND JUDGMENT***

---

Before **TACHA** and **McKAY**, Circuit Judges, and **BROWN**,** Senior District Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

** Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation.

these appeals.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The cases are

therefore ordered submitted without oral argument.

In appeal No. 97-8039, defendant appeals from the district court's final

order of forfeiture, entered May 5, 1997.  In appeal No. 97-8044, he appeals from

the district court's order denying his pending motions, entered May 19, 1997, and

from the district court's order amending the December 23, 1992, order of

forfeiture, entered April 2, 1993.  In appeal No. 97-8089, defendant appeals from

the district court's order denying his pending motions, entered May 28, 1997.


**Background**

Pursuant to a plea agreement, defendant pleaded guilty to engaging in

a continuing criminal enterprise in violation of 21 U.S.C. § 848.  The plea

agreement provided that defendant agreed to forfeit

> his right, title, and interest in all of his assets . . . including, but not
> limited to:  all real estate; all personal property, including guns, the
> computer, and every other item now in the possession of the United
> States; all bank accounts, investments, retirement accounts, cash,
> cashier's checks, travelers checks and funds of any kind.

1 R. Doc. 210 at 3.  On December 23, 1992, as part of his sentence, the district

court entered an order of forfeiture pursuant to 21 U.S.C. § 853.  The order stated

that defendant "agreed to forfeit all property" and listed specific property

forfeited.  See 1 R. Doc. 259 at 1, 2-7.  The order further stated that any firearms

not specifically named in the order were abandoned to the Wyoming Division of

-2-

Criminal Investigation of the Wyoming Attorney General's Office. See id. at 8. Defendant appealed from the order of forfeiture, which was part of his sentence. This court and the Supreme Court subsequently affirmed. See United States v. Libretti, 38 F.3d 523 (10th Cir. 1994), aff'd, 516 U.S. 29 (1995).

Pursuant to the directions in the December 23 forfeiture order, the government published notice of the order and its intent to dispose of property and gave direct notice to third parties known to have an alleged interest in the forfeited property. See 21 U.S.C. § 853(n)(1). Third parties filed claims, all prepared by defendant, asserting interests in various items of the forfeited property.

On March 23, 1993, while his direct criminal appeal was pending in this court, defendant filed a motion for the return of various firearms and accessories under Fed. R. Crim. P. 41(e). Defendant alleged that these were not forfeitable because he had never paid for them and therefore could not have purchased them with drug proceeds. The next day he filed another motion under Rule 41(e) seeking the return of all property seized but not specifically listed in the December 23 order of forfeiture, including a Macintosh computer system, two safes, ammunition, firearm parts and accessories, clothing, luggage, keys, scales and measuring devises, file cabinets, documents, personal records, publications, captain's bars, briefcases, firearms not seized by the United States, firearms held

in excess of 120 days from the date of seizure, laboratory equipment, and other items. On March 25, defendant filed a third motion pursuant to Rule 41(e) seeking the return of a multitude of property, all allegedly illegally seized.

On March 26, the district court held a hearing to consider the third party claims and to consider defendant's oral motion made at another hearing to amend the December 23 order of forfeiture to exclude any property which should not have been forfeited under 21 U.S.C. § 853(a). On April 2, the district court entered an order amending the December 23 order of forfeiture. Among other things, this order (1) directed the government to return certain property to the third party claimants; (2) denied, without explanation, the three motions for return of property filed by defendant under Rule 41(e); and (3) directed the magistrate judge to hold a fact finding hearing to determine the validity of the remaining third party claims and to allow defendant to prove that his property was not actually forfeitable.

Defendant filed a motion for findings of fact and conclusions of law regarding the denial of the three Rule 41(e) motions. He also filed a notice of appeal from the April 2 order. This court determined that it lacked jurisdiction to consider the appeal because the April 2 order was not a final, appealable order.

On April 15, defendant filed a motion to amend the December 23 order of forfeiture to exclude certain property allegedly not listed in the indictment, bills

of particular, or restraining orders. On May 4, the government filed a motion to reconsider the district court's April 2, order. The government questioned the district court's jurisdiction to consider defendant's post-sentencing motions in light of his pending criminal appeal. The government also moved to stay any proceedings before the magistrate judge. On June 7, the district court stayed proceedings in magistrate court pending the outcome of defendant's appeal.

Also, on June 7, defendant filed another motion under Rule 41(e) seeking the return of $33,160 in currency, which apparently had been administratively forfeited. On January 18, 1994, he filed another motion seeking return of the currency, alleging lack of notice before forfeiture of the currency. See 2 R. Doc. 390 at 2. Because his district court criminal proceedings had been completed, defendant suggested that the district court treat this Rule 41(e) motion as a civil complaint. See id. Doc. 391 at 4.

On May 2, defendant filed a motion to dissolve a restraining order prohibiting Barclay's American Mortgage Corporation from alienating or transferring GNMA certificate No. 03082345SF. Defendant argued the restraining order should be dissolved because this certificate was not included in any order of forfeiture. On December 21, the government moved to correct the certificate number of the GNMA certificate forfeited in the December 23 order of forfeiture to reflect that the correct certificate number was No. 03082345SF. The

December 23 order of forfeiture incorrectly listed the certificate number as 30296455F. Defendant opposed the motion. On January 23, 1995, the district court entered an order amending the certificate number.

On April 14, 1997, after this court and the Supreme Court had decided his direct criminal appeals, defendant filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. On May 2, the government filed a motion for entry of a final order of forfeiture, seeking, among other things, a resolution of all third party claims, an amendment to the December 23 order of forfeiture with respect to the federally forfeited firearms, and a dismissal of the firearms in the possession of the State of Wyoming in favor of state court proceedings. The district court entered its final order of forfeiture on May 5, in accordance with the government's motion. With respect to the firearms in the possession of the State of Wyoming, the order stated that the government lacked authority to abandon these firearms to the State, the government's claims to these firearms were dismissed in favor of the State, and the government's forfeited interest in these firearms expired, but no interest reverted to defendant.

On May 12, defendant filed a motion for correction of his sentence pursuant to Fed. R. Crim. P. 35(c), alleging (1) he was not represented by counsel and was deprived of various rights when the May 5 final order of forfeiture was entered; (2) the district court lacked jurisdiction to amend the December 23 order

-6-

of forfeiture to include property not originally included in that order; (3) the newly included property was not drug tainted; and (4) the government violated the plea agreement. That same day, he also appealed from the May 5 final order of forfeiture. (No. 97-8039.)

Defendant filed various motions on May 15 and 16. The motions sought (1) correction of his sentence under Rule 35(c) based on alleged incorrect mathematical calculations; (2) findings of fact and conclusions of law with respect to the May 5 final order of forfeiture; (3) clarification of the final order of forfeiture; (4) return of the firearms dismissed from the federal forfeiture in favor of state proceedings and return of other property pursuant to Rule 41(e); and (5) leave to file a reply and a scheduling order with respect to his § 2255 proceeding.

On May 19, the district court entered an order addressing twenty-eight pending motions, other than those filed May 15 and 16. In relevant part, the order (1) denied defendant's request for findings of fact and conclusions of law with respect to its denial of his Rule 41(e) motions in the April 2, 1993, order; (2) denied defendant's motion to amend the December 23 order of forfeiture to exclude certain property and determined defendant received sufficient notice of the property he agreed to forfeit; (3) denied defendant's Rule 41(e) motion for the return of $33,160 in currency which had been administratively forfeited by the

Drug Enforcement Agency pursuant to 19 U.S.C. § 1609; (4) determined GNMA certificate No. 03082345SF was not listed in the December 23 order of forfeiture due to an oversight; and (5) refused to dissolve the restraining order on the certificate. Defendant appealed from this order. (No. 97-8044.)

On May 28, the district court denied the motions filed on May 15 and 16, without explanation. Defendant appealed. (No. 97-8089.)

*No. 97-8039*

This is an appeal from the final order of forfeiture entered May 5, 1997. As a threshold matter, we consider whether this court has jurisdiction to consider this appeal. The government argues that this court lacks jurisdiction to consider this appeal, because the December 23, 1992, order of forfeiture was final as to defendant. Defendant contends that this court has jurisdiction because (1) the December 23 order of forfeiture was a preliminary order of forfeiture, not a final order of forfeiture; (2) the May 5 final order of forfeiture amended his sentence to include non-drug tainted property that had not been forfeited in the December 23 order of forfeiture and, thereby, constituted double jeopardy; (3) he was not represented by counsel, allowed an opportunity to be heard, or granted a jury trial before the final order of forfeiture was entered; (4) the district court dismissed firearms from the final order of forfeiture in favor of state forfeiture proceedings instead of allowing ownership of the firearms to revert to him; and (5) he had

a right to representation by counsel after the final order of forfeiture was entered to assist him in filing a Rule 35(c) motion to correct his sentence.

In defendant's direct criminal appeal, this court determined that a forfeiture order is part of a criminal sentence and therefore is a final, appealable decision. See Libretti, 38 F.3d at 527; see also Libretti, 516 U.S. at 38-41 (deciding forfeiture is element of sentence). Although the district court had jurisdiction to consider third party claims after entry of the December 23 order of forfeiture, it lacked jurisdiction to consider any further claims by defendant once he appealed the forfeiture order. See Libretti, 38 F.3d at 527; see also United States v. Bennett, 147 F.3d 912, 913-14 & n.3 (9th Cir. 1998) (construing forfeiture under 18 U.S.C. § 1963 as nearly identical to forfeiture under § 853 and applying Libretti to hold preliminary order of forfeiture is final as to defendant). The proceedings properly held by the district court after its December 23 order of forfeiture involved "[a]ny person, other than the defendant," who asserted a legal interest in the property subject to forfeiture. 21 U.S.C. § 853(n)(2).

Because the December 23 order of forfeiture was a final, appealable order terminating his interests in property, defendant may not now appeal from the May 5 final order of forfeiture. See United States v. Christunas, 126 F.3d 765, 767-68 (6th Cir. 1997). To the extent defendant may be attempting to appeal or assert third party claims, he lacks standing to do so. See Mount Evans Co. v.

Madigan, 14 F.3d 1444, 1450-51 (10th Cir. 1994) (setting forth requirements to show standing); see also Christunas, 126 F.3d at 769 ("It is well-established that the defendant has no standing to assert [third party] rights.").

Contrary to defendant's suggestion, he was not resentenced. The district court did not amend the December 23 forfeiture order to include property that had not originally been forfeited. Any amendment merely corrected errors in the December 23 forfeiture order. All of defendant's arguments that this court has jurisdiction over an appeal from the May 5 final order of forfeiture are without legal merit.

Accordingly, we conclude we lack jurisdiction to consider this appeal.[1] This appeal is dismissed for lack of jurisdiction.

---

[1] Defendant makes many other arguments concerning his conviction, guilty plea, plea agreement, and sentence. We also lack jurisdiction to consider these arguments. Defendant has had one direct criminal appeal, and he may not obtain a second.

Defendant appeals (1) from the district court's order, entered April 2, 1993, which, among other things, denied his three Rule 41(e) motions for return of property filed in March 1993, and (2) from the order, entered May 19, 1997, which denied various motions. We address defendant's challenges to these orders in turn.

*I. April 2, 1993, order*

In the three Rule 41(e) motions filed in March 1993, defendant sought return of property that he alleged either was not forfeited, was not legally seized, or was not drug tainted. Because the district court did not give reasons for its denial of the motions, defendant states that it is impossible to determine the basis for the court's decision, and therefore remand is required. We disagree.

Defendant agreed to forfeit the property that is the subject of the three Rule 41(e) motions. See Libretti, 38 F.3d at 530 (holding that defendant is bound to terms of plea agreement); see also Libretti, 516 U.S. at 34 ("It is beyond dispute that Libretti received a favorable plea agreement."). Further, he challenged the forfeitability of this property in his direct criminal appeal, and this court rejected his argument. See Libretti, 38 F.3d at 531 (refusing to specifically address nonmeritorious arguments raised in pro se briefs). Federal courts will not revisit an issue that has been finally adjudicated in a prior decision in the same

case. See Ute Indian Tribe v. Utah, 114 F.3d 1513, 1520 (10th Cir. 1997), cert. denied, 118 S. Ct. 1034 (1998). Under the circumstances, the district court did not abuse its discretion in denying the Rule 41(e) motions, so a remand for further explanation from the district court is not necessary.[2]

*II. May 19, 1997, order*

Defendant first argues that the district court erred in denying his motion to amend the December 23, 1992, order of forfeiture to exclude certain property. Defendant maintains the district court erred in ordering forfeiture of an $8,416.23 payroll savings plan check as a substitute asset under 21 U.S.C. § 853(p) because it was not listed in the indictment, bills of particular, or restraining orders. He also argues that neither the firearms federally forfeited nor those in the possession of the State of Wyoming were listed in the indictment, bill of particulars, or restraining orders. Again, defendant agreed to forfeit this property. It was listed in the December 23 order of forfeiture. See 1 R. Doc. 259 at 4, 7, 8. On direct appeal, this court rejected defendant's argument that he agreed to forfeit only the assets listed in the indictment. See Libretti, 38 F.3d at 529-30. Accordingly, this

---

[2]    Defendant also argues that the district court's April 2 order precluded third parties from filing claims to property not listed in the December 23 order of forfeiture, but actually forfeited. As stated above, defendant lacks standing to make any arguments with respect to third parties.

issue has been decided and will not be decided again. The district court did not err in denying defendant's motion to amend the December 23 order of forfeiture.

Next, defendant argues the district court erred in denying his motions for the return of $33,160 in currency under Rule 41(e). The district court denied return of this currency, which was not listed in the December 23 order of forfeiture, on the ground that it had been administratively forfeited by the Drug Enforcement Agency pursuant to 19 U.S.C. § 1609, which provides for summary forfeiture when no claim to the property is filed or bond given. See 2 R. Doc. 483 at 3, 4-5. Defendant continues to contend, as he did in the district court, that he never received notice of the government's intent to forfeit the currency. See 19 U.S.C. § 1607(a) (requiring notice of seizure and intent to forfeit).

"In order to properly effect a forfeiture, the government is required to give notice to all persons who have or claim an interest in . . . property being administratively forfeited." United States v. Clark, 84 F.3d 378, 380 (10th Cir. 1996). Although due process issues are legal issues, whether the government "employed means that were reasonably calculated to provide [the defendant] actual notice is a question of fact." Id. at 381.

We are unable to review this factual question. We have only defendant's motions for the return of the currency before us. The government never

responded to the motions.[3]  The district court denied the motions without explanation, other than to state that the currency had been administratively forfeited.  Accordingly, we remand to the district court for further consideration of defendant's claim to this currency.  See ARW Exploration Corp. v. Aguirre, 45 F.3d 1455, 1459 (10th Cir. 1995) (remanding where appellate review was impossible).[4]

Defendant argues the district court erred in denying his motion to dissolve the restraining order on GNMA certificate No. 03082345SF and in denying his opposition to the amendment of the GNMA certificate number.  These arguments are without merit.  The GNMA bond was forfeited in the December 23 order of forfeiture, albeit with an incorrect certificate number.  The district court later merely corrected the certificate number.  Defendant's sentence was final on December 23, 1992, and, contrary to what he suggests, he was not entitled to withdraw his guilty plea after the district court corrected the certificate number. The district court did not err in refusing to dissolve the restraining order or in correcting the GNMA certificate number.[5]

---

[3]     We also note that the government did not brief this issue on appeal.

[4]     Defendant believes that the district court should have treated his motions concerning the currency as a civil complaint.  See Clark, 84 F.3d at 381.  On remand, the district court should determine the proper treatment of the motions.

[5]     Defendant also makes the following related arguments:  (1) he had a right
(continued...)

-14-

Defendant argues the district court erred in determining that his motion opposing the sale of firearms and seeking their return was moot. Defendant believes the motion cannot be moot because the firearms have not been returned to him or to his delegate. The May 5 final order of forfeiture properly dismissed the firearms in the possession of the State of Wyoming from the federal forfeiture in favor of state forfeiture proceedings. Defendant was not entitled to have the firearms returned to him or to his delegate.

Finally, defendant argues that the district court erred in denying his motion for appointment of counsel. Defendant believes the district court should have appointed counsel because his sentence was amended to include property not previously forfeited. We disagree. Defendant was not resentenced. The May 5

---

[5](...continued)
to counsel at the time the district court corrected the certificate number and to assist him in contesting the government's motion to correct the certificate number; (2) the district court erred in failing to hold a hearing before correcting the certificate number; (3) the district court erred in correcting the certificate number without holding a jury trial; (4) the correction of the certificate number resulted in a violation of the Excessive Fines Clause of the Eighth Amendment; (5) the district court had no jurisdiction to correct the certificate number; (6) the correction of the certificate number constituted double jeopardy; (7) the district court erred in correcting the certificate number without making a finding that the GNMA bond was drug tainted; (8) the correction of the certificate number constituted a breach of the plea agreement; (9) the district court's refusal to dissolve the restraining order on the GNMA bond precluded him from hiring counsel; and (10) the district court's denial of his motion to strike the order amending the certificate number was based on clearly erroneous factual findings. We conclude these arguments are without merit.

final order of forfeiture merely corrected oversights in the December 23 order of forfeiture. Further, as stated above, the final order of forfeiture was limited to the disposition of third party claims.

Any other arguments not specifically addressed are without legal merit. We remand in part for further consideration by the district court of defendant's request for the return of $33,160 in currency which was administratively forfeited, and affirm in all other respects.

*No. 97-8089*

Defendant appeals from the district court's May 28, 1997, denials of his motion to correct his sentence under Rule 35(c) and his motion for return of firearms under Rule 41(e).[6] As a threshold matter, we consider whether this court has jurisdiction to consider this appeal.

On June 13, 1997, the district court received a notice of appeal dated June 9. In the notice of appeal, defendant incorrectly referred to the date of the order from which he was appealing as April 28, rather than May 28. The district court returned the notice of appeal to defendant with a note indicating

---

[6] The order also denied his motions for findings of fact and conclusions of law and for clarification of the May 5 final order of forfeiture, and for leave to file a reply brief and for a scheduling order in his § 2255 proceeding. Defendant's briefs on appeal address only the denials of the Rule 35(c) and Rule 41(e) motions.

-16-

there was no April 28 order from which to appeal. On June 19, defendant mailed a new notice of appeal indicating the proper date of the order from which he appealed. The district court filed this notice of appeal on June 23, treating it as an amendment to a prior notice of appeal. The district court, however, later docketed it as a new notice of appeal filed on September 8.

A notice of appeal must be timely for this court to have jurisdiction over an appeal. A notice of appeal from the denial of a Rule 35(c) motion must be filed within ten days of the date of the order denying that motion, see Fed. R. App. P. 4(b); see also United States v. Corey, 999 F.2d 493, 495-96 & n.3 (10th Cir. 1993) (deciding that timely Rule 35(c) motion operates as motion for rehearing which starts appeal period anew upon disposition of motion), and a notice of appeal from the denial of a Rule 41(e) motion must be filed within sixty days of the denial of that motion, see United States v. Madden, 95 F.3d 38, 39 n.1 (10th Cir. 1996) (construing a Rule 41(e) motion as a "civil case" for purposes of Rule 4).

In determining whether defendant filed a timely notice of appeal, we note first that a district court clerk may not return papers on its own initiative where there is no filing fee issue. See McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir. 1991). Here, there was no filing fee issue. Therefore, the district

court should have filed the original notice of appeal, rather than returning it to defendant.

It is not readily apparent, however, on what date the district court should have filed the original notice of appeal, because it is not clear what date defendant mailed and thus filed his original notice of appeal. See Fed. R. App. P. 4(c) (stating that pro se prisoner's notice of appeal is deemed filed on day it is "deposited in the institution's internal mail system"). Rule 4(c) provides that "[t]imely filing may be shown by a notarized statement or by a declaration . . . setting forth the date of deposit and stating that first-class postage has been paid." Although defendant failed to comply with either of these technical requirements,[7] the original notice of appeal does indicate a mailing date of June 9.

Because our policy favors deciding cases on the merits rather than dismissing them based on minor technical defects, see Denver & Rio Grande W. R.R. v. Union Pac. R.R., 119 F.3d 847, 848 (10th Cir. 1997), we conclude that defendant timely filed his original notice of appeal on June 9, and the district court should have filed it on that date. We further conclude that we have jurisdiction to consider this appeal.

---

[7]     After this court directed the parties to brief the jurisdictional issue, defendant filed an affidavit declaring that he deposited the original notice of appeal in the prison mail system on June 9. Rule 4(c), however, appears to require contemporaneous proof of timely filing.

We now proceed to the merits. Defendant first argues the district court erred in denying his Rule 35(c) motion because the May 5 final order of forfeiture amended the December 23 order of forfeiture to include other property not originally forfeited–certain federally forfeited firearms and a GNMA certificate. Rule 35(c) permits a defendant to move for a correction of his sentence within seven days of the imposition of sentence where there is "arithmetical, technical, or other clear error." Defendant's sentence was entered on December 23, 1992. As indicated above, any amendments to the December 23 order of forfeiture merely corrected oversights and did not impose a new sentence. Thus, defendant's Rule 35(c) motion filed on May 15, 1997, in the district court clearly was untimely.[8] See Libretti, 38 F.3d at 527 n.4 (determining Rule 35(c) motion filed later than seven days after imposition of sentence was untimely). The district court did not err in denying the Rule 35(c) motion.[9]

Defendant argues the district court erred in denying his Rule 41(e) motion for the return of the firearms in the possession of the State of Wyoming and for federally forfeited firearms not listed in the December 23 order of forfeiture.

_____

[8] Defendant claims that there is a Rule 35(c) motion, filed May 12, pending in the district court. He admits, however, that the Rule 35(c) motion filed May 15 clarified and supplemented the May 12 motion. See Appellant's Opening Br. at 12. We conclude the district court in effect denied both motions in its May 28 order, and no Rule 35(c) motion remains pending in the district court.

[9] Also, contrary to defendant's argument, the district court did not err in failing to appoint counsel to represent him.

The December 23, 1992, order of forfeiture stated that any firearms or accessories not specifically listed in that order were abandoned to the State of Wyoming. Because the government later recognized that it had no statutory authority to seek abandonment of these firearms, it properly moved to dismiss the firearms from federal forfeiture proceedings in favor of state proceedings. See 2 R. Doc. 464 at 12-13; id. Exh. 1. The May 5 final order of forfeiture dismissed the firearms in favor of state proceedings. Because the government's request was proper, we conclude the district court did not err in denying defendant's request for return of the firearms in the possession of the State of Wyoming. For the reason stated above, that the district court merely corrected errors in the December 23 order of forfeiture with respect to the federally forfeited firearms, the district court did not err in denying defendant's request for the return of any federally forfeited firearms.

Because all of defendant's arguments in this appeal, whether or not specifically addressed, are without merit, we affirm. We do remand, however, for the district court to correct its docket sheet to reflect the filing of defendant's original notice of appeal on June 9, 1997.

*Conclusion*

Appeal No. 97-8039 is DISMISSED for lack of jurisdiction. Defendant's motion requesting that this court order the district court to rule on pending motions relevant to this appeal and his motion for additional briefing in light of United States v. Bajakajian, 118 S. Ct. 2028 (1998), are DENIED as moot. Defendant's supplemental brief addressing Bajakajian will not be filed.

Appeal No. 97-8044 is REMANDED in part for further consideration of defendant's request for the return of $33,160 in currency which was administratively forfeited, and is AFFIRMED in all other respects. Defendant's motion for limited remand is DENIED as moot, in light of our remand on this issue. Also, defendant's motion for clarification of the notice of appeal is DENIED as moot.

Appeal No. 97-8089 is AFFIRMED, but is REMANDED in part for the district court to correct its docket sheet to reflect that defendant filed a timely notice of appeal on June 9, 1997. Defendant's motion for leave to proceed on appeal without prepayment of costs or fees is DENIED as moot because the district court granted leave to proceed in forma pauperis.

The mandates shall issue forthwith.

Entered for the Court


Deanell Reece Tacha
Circuit Judge