**UNITED STATES of America, Plaintiff,**

v.

**Murray F. HARDESTY, Defendant.**

**No. 95–20031–JWL.**

United States District Court, D. Kansas.

May 7, 1999.

**MEMORANDUM AND ORDER**

LUNGSTRUM, District Judge.

Defendant Murray F. Hardesty was sentenced by the United States District Court for the District of Kansas, Earl E. O'Connor, Senior District Judge, after pleading guilty to embezzlement, mail fraud, and money laundering. This case is presently before the court on defendant's motion for correction of clerical mistake in judgment and sentence pursuant to Fed.R.Crim.P. 36 (doc. # 74). As set forth in more detail below, defendant's motion is denied.

*Background*

Defendant Murray F. Hardesty, an attorney who practiced in Topeka, Kansas, was the trustee of several trusts, including two trusts of which Miriam Klugg and Lea Burgwin were the beneficiaries. From early 1991 through early 1993, defendant embezzled $2,100,000.00 from those two trusts and from several other trusts and, in connection therewith, defendant, *inter*

*alia,* submitted false reports to Mmes. Klugg and Burgwin to cover the embezzlements.

Based on his mishandling of the trusts under his control, defendant was charged with various offenses in an 11–count indictment filed in this court. Specifically, in count 1, defendant was charged under 18 U.S.C. § 644 with embezzling assets from a pension fund which was entrusted to his care. In counts 2 through 5, defendant was charged with mail fraud in violation of 18 U.S.C. § 1341 involving, *inter alia,* the misappropriation of funds from the Klugg and Burgwin trusts. In counts 6 through 9, defendant was charged with money laundering in violation of 18 U.S.C. § 1957 relating to, *inter alia,* funds drawn from the Burgwin trust. In counts 10 and 11, defendant was charged with money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i)..

In August 1995, pursuant to a plea agreement, defendant pleaded guilty to counts 1, 5 and 9, and the remaining counts were dismissed. The matter was then referred to the United States Probation Office for a pre-sentence report. For purposes of determining the appropriate offense level, the pre-sentence report grouped counts 1 and 5, the fraud counts (Group I), separately from count 9, the money laundering count (Group II). The report recommended no increase in defendant's base offense level for Group I or Group II based on U.S.S.G. § 3A1.1 (vulnerable victim). The government filed an objection to that recommendation and, at the time of sentencing, a hearing was held on the objection. At the November 1995 hearing, both parties made. a proffer of what their evidence bearing on that particular matter would be, which proffers were accepted by Judge O'Connor. Judge O'Connor then held that the record justified a 2 level increase in defendant's base offense level under U.S.S.G. § 3A1.1. In

calculating defendant's total offense level, Judge O'Connor applied the vulnerable victim adjustment to both the Group I and Group II offense levels. Defendant did not object to this application.[1] Ultimately, the court computed defendant's sentence as follows:

### Group I (Embezzlement/Fraud)

| | |
|---|---|
| Base Offense Level (§ 2F1.1) | 6 |
| Specific Offense Characteristics—loss more than $1,500,000.00 but less than $2,500,000.00 | 12 |
| Specific Offense Characteristics—more than minimal planning (§ 2F1.1(b)(2)) | 2 |
| Victim–Related Adjustments (§ 3A1.1) | 2 |
| Adjustments for Role in the Offense—abuse of trust (§ 3B1.3) | 2 |
| Adjusted Offense Level | 24 |

### Group II (Money Laundering)

| | |
|---|---|
| Base Offense Level (§ 2S1.2(a)) | 17 |
| Specific Offense Characteristics—defendant knew funds were from a specified unlawful activity (§ 2.S1.2(b)(1)) | 2 |
| Specific Offense Characteristics—value of laundered funds more than $300,000.00 and less than $600,000.00 (§ 2S1.1(b)(2)) | 3 |
| Victim–Related Adjustments (§ 3A1.1) | 2 |
| Adjustments for Role in the Offense—abuse of trust (§ 3B1.3) | 2 |
| Adjusted Offense Level | 26 |

Pursuant to guideline § 3D1.4 with respect to multiple-count adjustments, "the offense level applicable to the Group with the highest offense level" furnishes the base offense level. Here, the money laundering group had the highest offense level and the court properly looked to it as the base offense level. Accordingly, the base offense level for purposes of calculating defendant's sentence was 26. That base was increased by two units, pursuant to § 3D1.4, for other groups with the same or fewer points. Thus, the adjusted offense level was 28. The court granted defendant

---

1. Defendant did, however, appeal the court's conclusion that Mmes. Klugg and Burgwin were "vulnerable victims" within the mean- ing of § 3A1.1. The Circuit affirmed Judge O'Connor's conclusion. *See United States v. Hardesty,* 105 F.3d 558, 561 (10th Cir.1997).

a 3 level decrease for acceptance of responsibility, resulting in a total offense level of 25. With defendant's Category I criminal history, the applicable guideline range for imprisonment was 57–71 months. Judge O'Connor sentenced defendant to a 70–month term of imprisonment. Defendant is currently incarcerated.

In his motion for correction of clerical mistake, defendant maintains that Judge O'Connor intended to apply the 2 level vulnerable victim adjustment only to the Group I offense level, but that he inadvertently applied the 2 level adjustment to the Group II offense level as well. According to defendant's calculations, then, the combined offense level would be 24, with a two unit increase pursuant to § 3D1.4, resulting in an adjusted offense level of 26, and a 3 level decrease for acceptance of responsibility, resulting in a total offense level of 23. The applicable guideline range for imprisonment would then be 46 to 57 months. In his motion, defendant asks the court to set aside his sentence and resentence him based on his proposed guideline calculations.

*Discussion*

█ As noted above, defendant has couched his motion as a motion to correct a "clerical mistake in judgment" pursuant to Federal Rule of Criminal Procedure 36. Rule 36 provides that "[c]lerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders." Fed. R.Crim.P. 36. Defendant contends that Judge O'Connor's "inadvertent" application of the 2 level vulnerable victim increase to the money laundering offense level constitutes a "clerical mistake" within the meaning of Rule 36. The court disagrees.

█ It is well settled in the Tenth Circuit that Rule 36 does not give the court authority to substantively modify a defendant's sentence. *See United States v. Blackwell*, 81 F.3d 945, 948–49 (10th Cir. 1996). Nonetheless, that is exactly what defendant seeks here. In his motion, defendant expressly asks the court to set aside his sentence and resentence him using modified guideline calculations. Under defendant's proposed calculations, the court would have to reduce defendant's sentence by at least thirteen months. This type of modification is simply not authorized by Rule 36. *Id.* at 949.

Even if the court could modify defendant's sentence at this juncture, defendant has nonetheless failed to persuade the court that Judge O'Connor made a "clerical mistake" within the meaning of Rule 36. A review of Tenth Circuit cases discussing Rule 36 reveals the types of mistakes contemplated under the Rule. *See, e.g., United States v. Nichols*, 169 F.3d 1255, 1280 (10th Cir.1999) (Rule 36 appropriate vehicle for correcting judgment that failed to reflect jury's verdicts of acquittal on certain counts); *United States v. Corey*, 999 F.2d 493, 496–97 (10th Cir.1993) (Rule 36 appropriate vehicle to correct error where written judgment conflicted with unambiguous oral sentence); *United States v. Sasser*, 974 F.2d 1544, 1561–62 (10th Cir.1992) (same). Defendant here does not allege a simple mistake in the written judgment that can be easily corrected. Rather, defendant alleges that the sentencing judge himself mistakenly applied an adjustment under § 3A1.1 to the money laundering group and that, as a result, defendant's sentence should be set aside. This type of alleged error—one that would force this court to attempt to ascertain the intent of the sentencing court—is simply not contemplated by Rule 36.

In any event, contrary to defendant's assertion, there is no evidence in the record before the court that Judge O'Connor "inadvertently" applied the 2 level increase for victim vulnerability to the money laundering offense level. Rather, the transcript of the sentencing hearing reveals that Judge O'Connor made a deliberate

decision to apply the victim vulnerability adjustment to both the fraud group and the money laundering group. After hearing the parties' proffers of evidence relating to the victim vulnerability issue and after a careful and thoughtful analysis of that issue, Judge O'Connor concluded that the victims of defendant's crimes were "vulnerable" as contemplated by U.S.S.G. § 3A1.1. Although the transcript does not reflect what occurred next, Judge O'Connor presumably made the applicable corrections to the offense level calculations prior to proceeding with sentencing. After ruling that the victim vulnerability adjustment would be applied (and, presumably, after making all changes to the offense level calculations), Judge O'Connor announced his final calculations under the guidelines, noting that the "total offense level is 25, criminal history category is No. 1. In regard to sentence of imprisonment, with offense level of 25, the guideline range is 57 to 71 months."

The transcript, then, manifests that Judge O'Connor made a deliberate decision to apply the victim vulnerability adjustment to both the fraud offense level and the money laundering offense level. Defendant has failed to demonstrate that Judge O'Connor's calculation of the total offense level resulted from inadvertence or oversight. If defendant believed that the application of the adjustment to the money laundering offense level was otherwise incorrect (and the court does not suggest that it was),[2] then defendant should have brought the issue to Judge O'Connor's attention through a Rule 35(a) motion. At the very least, defendant should have made his argument to the Tenth Circuit in connection with his initial appeal. For the foregoing reasons, defendant's argument is not the appropriate subject of a Rule 36 motion. The motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for correction of clerical mistake in judgment and sentence (doc. # 74) is **denied.**

**IT IS SO ORDERED.**

---

2. In his papers, for example, defendant argues that application of the adjustment to the money laundering group was inappropriate because the "general public" was the victim of defendant's money laundering rather than Mmes. Klugg and Burgwin and that there was no evidence (or argument) before Judge O'Connor that the "public" was vulnerable. Clearly, this argument falls outside the scope of a "clerical mistake" within the meaning of

Rule 36. In any event, at least one circuit has rejected the merits of defendant's argument in a similar context. *See United States v. Calozza,* 125 F.3d 687, 690–91 (9th Cir.1997) (district court properly applied vulnerable victim adjustment to money laundering group because defendant's abuse of a position of trust with respect to his aged and infirm clients was "relevant conduct" under § 1B1.3 with respect to defendant's money laundering).