**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Napoleon Michael MILES, Defendant–Appellant.**

**No. 91–8054**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Nov. 14, 1991.

Scott Peterson, Waco, Tex. (Court-appointed), for defendant-appellant.

LeRoy M. Jahn, Mark L. Frazier, Asst. U.S. Attys., Ronald F. Ederer, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before JONES, DUHÉ, and WIENER, Circuit Judges.

DUHÉ, Circuit Judge:

Appellant seeks review of his sentence to fifteen years confinement and five years supervised release for possession of a firearm by a felon, a violation of 18 U.S.C. § 922(g). We affirm.

Appellant pleaded guilty to possessing a firearm and was sentenced under 18 U.S.C. § 924. Because Appellant previously had been convicted of three violent felonies, the district court sentenced him to fifteen years, the statutory minimum allowed by § 924(e). For the purpose of determining a supervised release period, the district court classified Appellant's crime as a Class A felony under 18 U.S.C. § 3559, using the maximum sentence permitted by § 924(e): life imprisonment.[1] Based on the Class A designation, the district court included five years supervised release as part of Appellant's sentence as authorized by 18 U.S.C. § 3582(b)(1).

Appellant's challenge to his sentence is threefold. First Appellant contends that the government failed to provide direct evidence that two of his three prior convictions, which were rendered on the same day, were for offenses committed on different occasions.[2] Second, Appellant argues that the district court erred in classifying his felony as Class A, and, consequently, that his supervised release period is excessive. Finally, Appellant requests that this Court review the judgments and sentences of his prior convictions to determine if his lawyer has overlooked something that might invalidate any one of them.

Appellant did not object to the government's evidence of his prior convictions in district court. Thus, we need not consider this challenge to his sentence. *United States v. Garcia–Pillado*, 898 F.2d 36, 39 (5th Cir.1990). Nonetheless, we note that the judgments of August 17, 1988 presented to the district court indicate that Appellant was convicted of burglarizing a building in March 1988 and burglarizing a habitation in June 1988. The district court did not commit error by concluding that these two burglaries were committed on separate occasions.

■ Appellant's second point of error (an issue of first impression) is that the district court improperly classified his crime as a Class A felony based on § 924(e)'s maximum sentence of life imprisonment. Noting that § 924(e) does not create an offense, Appellant argues that the district court should have relied upon the maximum term specified by § 924(a), ten years, to calculate his classification. Section 924(a), just like § 924(e), however, provides for a penalty without creating an offense. The provision predicates punishment upon a violation of another section and is titled as a penalty provision. It does not set forth the elements of a crime, nor does it proscribe conduct. As we have stated before, these factors "evince[ ] a congressional intent to provide a sentencing provision rather than creating an independent offense." *United States v. Af-*

1. *See United States v. Carey,* 898 F.2d 642, 646 (8th Cir.1990) (stating life imprisonment is the maximum penalty though the statute does not specify).

2. Section 924(e)(1) applies when a person has "three previous convictions ... for a violent felony or a serious drug offense, or both, committed on occasions different from one another...." 18 U.S.C. § 924(e)(1) (1988).

*fleck,* 861 F.2d 97, 99 (5th Cir.1988) *cert. denied,* 489 U.S. 1058, 109 S.Ct. 1325, 103 L.Ed.2d 593 (1989).

This is not to say that district courts may not consider § 924 in determining felony classifications. Indeed, they must. For although § 922 creates the offense of possession of a firearm by a felon, it creates absolutely no penalties for committing the offense. Thus, to determine the maximum term of imprisonment authorized for violations of § 922, as § 3559 directs, one must examine § 924. Which provision a court examines depends on the actions and history of the defendant in question. Section 924(a) applies to those who violate § 922(g). Section 924(e) applies to a smaller class of these violators, providing a greater penalty for those who fall within its ambit. As a three-time convicted felon, Appellant is of the class controlled by § 924(e). The maximum term of imprisonment for Appellant's offense, therefore, is that designated, albeit implicitly, by the more exclusive provision. The district court's reliance on § 924(e)'s enhanced sentence was correct. Consequently, the Class A designation and the supervised release term stemming from it, also were proper.

Finally, Appellant asks this Court to review the record to determine if his lawyer has overlooked anything that might invalidate any one of his three prior convictions. We decline to do so. The Court need not consider issues neither stated nor briefed on appeal. *In re HECI Exploration Co.,* 862 F.2d 513, 525 (5th Cir.1988).

The judgment of the district court is

AFFIRMED.