# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3553

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Southern |
| | * | District of Iowa. |
| Patrick D. Staggs, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: April 15, 2008
Filed: June 5, 2008

_____

Before GRUENDER, BALDOCK,[1] and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Patrick D. Staggs appeals his revocation sentence, contending it exceeds the statutory maximum. Having jurisdiction under 18 U.S.C. § 1291 and 18 U.S.C. § 3742, this court affirms.

In 1999, Staggs pled guilty to one count of receiving child pornography, 18 U.S.C. § 2252(a)(2), and one count of possession of child pornography, 18 U.S.C. §

_____

[1] The Honorable Bobby R. Baldock, United States Circuit Judge for the Tenth Circuit Court of Appeals, sitting by designation.

2252(a)(4)(B).  Because he had previously been convicted of child pornography charges, the receiving offense was a Class B felony punishable by up to 30 years, and the possession offense was a Class C felony punishable by up to 10 years.  Staggs was sentenced to concurrent 68-month terms of imprisonment on each offense, and a five-year term of supervised release.  As special conditions of supervised release, he was ordered not to use a computer, access the internet, or possess pornographic material.

Staggs was released from custody in 2003, beginning the supervised release. In September 2007, he admitted to his probation officer accessing "singles" websites on a friend's computer, and accessing and saving nude pictures on the computer. Staggs stipulated to the violations.  The district court[2] sentenced him to 30 months imprisonment, and an additional 30 months of supervised release.  Staggs appeals, arguing that the 60-month combination of incarceration and additional supervised release exceeds the statutory maximum.

The maximum revocation sentence allowed, including imprisonment and additional supervised release, is equal to the maximum term of supervised release authorized for the original conviction offense.  **18 U.S.C. § 3583(e)(3)**; *United States v. Palmer*, 380 F.3d 395, 398-99 (8th Cir. 2004) (en banc).  Unless otherwise provided, the authorized term of supervised release for the original conviction offense is based on the class of the offense.  **18 U.S.C. § 3583(b)**.  The maximum term of supervised release is five years for a Class A or B felony, and three years for a Class C or D felony.  *Id.*  Offense classification is determined by the "maximum term of imprisonment authorized" for the offense.  **18 U.S.C. § 3559(a)**.  If the offense is punishable by: life imprisonment or death, it is a Class A felony; 25 years or more, it is a Class B felony; or 10 to 25 years, it is a Class C felony.  *Id.*

---

[2] The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

When Staggs was convicted in 1999, the maximum for receiving child pornography was 15 years, unless the defendant had a prior conviction for child pornography, in which case it was 30 years. **18 U.S.C. § 2252(b)(1) (1999)**.

Staggs argues that his receiving offence should be viewed, for revocation purposes, as a Class C felony — not a Class B felony — because the base offense without the recidivist enhancement had a maximum of only 15 years. The classification statute defines the "maximum term of imprisonment authorized" as "the term authorized by the law *describing the offense*." **18 U.S.C. § 3559(b)**. He contends that the "law describing the offense" means only the elements of the base crime, and therefore, the maximum term is that for the base offense, without any punishment enhancers. Classifying the receiving offense as a Class C felony, Staggs's total revocation sentence could not exceed three years. Staggs acknowledges that he did not object to the sentence in the district court, and therefore, review is for plain error. *See Johnson v. United States*, 520 U.S. 461, 465 (1997); **Fed. R. Crim. P. 52(b)**.

Staggs's argument is refuted by the Supreme Court decision *United States v. Rodriquez*, 128 S. Ct. 1783 (2008), No. 06-1646, slip op. (May 19, 2008). The Court held that the phrase "maximum term of imprisonment prescribed by law," as written in the ACCA, means the maximum term allowable, including recidivist enhancements. *Rodriquez*, 128 S. Ct. at ___, No. 06-1646, slip op. at 4. Analyzing the key statutory phrases "law," "offense," and "maximum term," the Court determined that the relevant "law" is the provisions prescribing the "maximum term" for *both* a first "offense," *and* a second or subsequent "offense." *Id.* Therefore, the recidivist defendant's "maximum term" was that authorized for a subsequent offense. *Id.*

There is no relevant difference between the phrase at issue in *Rodriquez*, "maximum term of imprisonment prescribed by law," and the phrase at issue here, "term authorized by the law describing the offense." As in *Rodriquez*, the "law" describing the offense includes both the base and recidivist provisions. *See also*

***United States v. LaBonte***, 520 U.S. 751, 762 (1997) (defining "maximum term authorized" as the "term available once all relevant statutory sentencing enhancements are taken into account"), *cited in **Rodriquez***, 128 S. Ct. at ___, No. 06-1646, slip op. at 7-8. Therefore, Staggs's "maximum term of imprisonment authorized" is 30 years, a Class B felony.

Staggs also argues that the categorical approach of *Taylor v. United States*, 495 U.S. 575, 600-602 (1990), applies here. This argument is without merit. *See **Rodriquez***, 128 S. Ct. at ___, No. 06-1646, slip op. at 9 (finding no connection between *Taylor* and the meaning of "maximum term of imprisonment").

Further, Staggs's argument produces absurd results. Though he only challenges the revocation sentence, his argument would also apply to conviction sentencing because the classification statute (upon which his argument rests) also applies at conviction sentencing. If "the law describing the offense" means only the base offense provisions, recidivist provisions would *never* apply. Even if not extended to conviction sentencing, Staggs's argument would result in an authorized maximum sentence of 30 years on the original conviction, while that same authorized maximum sentence would be only 15 years for purposes of revocation. "It is hard to accept the proposition that a defendant may lawfully be sentenced to a term of imprisonment that exceeds the 'maximum term of imprisonment.'" ***Id.*** at 4. There is no error here, plain or otherwise.

The district court's sentence is affirmed.

_____