NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued March 4, 2009
Decided April 3, 2009

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 08-2687

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Eastern District of Wisconsin. |
| *v.* | No. 06-CR-29 |
| STEVEN WOODS, | Rudolph T. Randa, |
| *Defendant-Appellant.* | *Chief Judge.* |

**O R D E R**

Two years into a five-year term of supervised release, Steven Woods was convicted of new drug offenses, which violated the conditions of his supervised release.  Accordingly, the district court revoked his release and imposed another 60 months' imprisonment.  The sole issue on appeal is whether this term of reimprisonment exceeded the statutory maximum sentence.  We conclude that it does not and affirm.

In 1992 Woods pleaded guilty to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). Although that offense normally carries a maximum of ten years' imprisonment under 18 U.S.C. § 924(a)(2), Woods's three previous convictions subjected him to a statutory minimum of 180 months and a maximum of life under the Armed Career Criminal Act, *see id.* § 924(e). The district court imposed the 180-month minimum term, and Woods was released on supervision in 2005. But by 2007 he had violated several of the terms of his supervised release, most significantly by being convicted of state drug offenses. His probation officer concluded that revocation was mandatory under U.S.S.G. § 7B1.3(a)(1) and petitioned to revoke his supervision. He also determined that Woods's original offense was a class A felony, and calculated a range of 51-63 months' reimprisonment, capped by the statutory maximum of 60 months. The court agreed, revoking Woods's supervised release and imposing a term of 60 months' reimprisonment.

On appeal Woods contends that the district court erred by sentencing him to a five-year term of reimprisonment because, he asserts, his violation of § 922(g)(1) was a class C felony under 18 U.S.C. § 3559(a)(3), and a class C felony carries a maximum reimprisonment term of only two years, *see id.* § 3583(e)(3). He argues that the court erred by using the ACCA penalty provision in § 924(e)—rather than the basic penalty provision in § 924(a)—to determine the "maximum term of imprisonment authorized" for his original offense, *see id.* §§ 3559(a), 3583(e)(3). In Woods's view, § 924(e) is a "penalty enhancer" rather than an "offense" and therefore is not relevant to the analysis.

The applicable statutory maximum term of reimprisonment depends on the "maximum term of imprisonment authorized" for the "offense that resulted in [the] term of supervised release." *See id.* §§ 3559(a), 3583(e)(3). Generally, possession of a firearm by a felon carries a statutory maximum of 10 years' imprisonment, *id.* § 924(a)(2), and thus is a class C felony with a maximum reimprisonment term of two years, *see id.* §§ 3559(a)(3), 3583(e)(3). But under § 924(e) a defendant who violates § 922(g) *and* has three qualifying previous convictions is subject to a maximum term of life. *See id.* § 924(e); *Custis v. United States*, 511 U.S. 485, 487 (1994). A crime punishable by a life sentence is class A felony with a maximum reimprisonment term of five years. *See* 18 U.S.C. §§ 3559(a)(1), 3583(e)(3).

Woods's argument is not supported by the statutory text or the precedent. The statute defining Woods's offense, § 922(g), contains no penalty provision; its penalties are listed in § 924(a) and (e), and, contrary to his argument, (e) is the relevant subsection given his three qualifying prior convictions. *See United States v. Miles*, 947 F.2d 1234, 1235-36 (5th Cir. 1991). Additionally, when the Supreme Court was confronted with a similar argument concerning whether a prior conviction qualified as a "serious drug offense" for purposes of the ACCA, the Court held that the "maximum term of imprisonment prescribed by law" for an offense means the maximum term allowed, including any applicable recidivist

enhancements. *United States v. Rodriquez*, 128 S. Ct. 1783, 1787-88 (2008); *see United States v. Staggs*, 527 F.3d 680, 682 (8th Cir. 2008); *United States v. LaBonte*, 520 U.S. 751, 758-59 (1997). Woods's construction would also create the illogical result that his original sentence of 180 months exceeded the "maximum term of imprisonment authorized" for his "offense" but was nevertheless lawful. *See Rodriquez*, 128 S. Ct. at 1788; *Staggs*, 527 F.3d at 682.. Accordingly, we agree with the other circuits that have considered this issue and conclude that a defendant sentenced under the ACCA for violating § 922(g)(1) has committed a class A felony and can be sentenced for up to five years of reimprisonment for violating the terms of supervised release. *Staggs*, 527 F.3d at 681-82; *Miles*, 947 F.2d at 1236; *see also United States v. Powell*, 269 F.3d 175, 180 (3d Cir. 2001).

For these reasons, we affirm Woods's sentence.