**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2412
_____

UNITED STATES OF AMERICA

v.

STEVE MCCOLLUM, JR.,

Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(No. 1:05-cr-00065-001)
District Judge:  Hon. Christopher C. Conner

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 22, 2013

Before:  AMBRO, SMITH, and CHAGARES, Circuit Judges.

(Filed: December 17, 2013)
_____

OPINION
_____

CHAGARES, Circuit Judge.

    Steve McCollum, Jr. appeals the twenty-six month sentence he received after

pleading guilty to possession of a firearm in furtherance of drug trafficking, in violation

of 18 U.S.C. § 924(c)(1)(A)(i).  For the reasons that follow, we will affirm.

I.

We write solely for the parties and therefore recite only the facts that are necessary to our disposition. In February 2005, a grand jury returned a two-count indictment in the Middle District of Pennsylvania charging McCollum with (1) possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(A)(i), and (2) distribution and possession with intent to distribute crack cocaine. On June 1, 2005, pursuant to a plea agreement, McCollum pleaded guilty to the first count, and the Government dismissed the second count. The District Court thereafter sentenced McCollum to the mandatory minimum sentence of five years of incarceration, three years of supervised release, a $400 fine, and a $100 special assessment.

During the period of McCollum's supervised release, the United States Probation Office issued a warrant alleging that McCollum violated the terms of his supervision. The Probation Office calculated the applicable advisory Sentencing Guidelines range for the violation as 30 to 37 months of imprisonment, on the basis that McCollum was on supervised release pursuant to a sentence for a Class A felony. At his revocation proceeding, McCollum, appearing with counsel, admitted that he violated the terms of his supervision. He argued, however, that his prior conviction should be classified as a Class D, rather than a Class A, felony, making the applicable Guidelines range 18 to 24 months. The District Court determined that the underlying conviction was a Class A felony because the statutory maximum for a § 924(c) violation is life imprisonment. The Court calculated the advisory Guidelines range as 30 to 37 months and imposed upon McCollum a sentence of 36 months of imprisonment. Id. This appeal followed.

II.[1]

Under U.S.S.G. § 7B1.4(a)(2), the advisory Guidelines range increases "[w]here the defendant was on probation or supervised release as a result of a sentence for a Class A felony." A "Class A felony" is defined as a crime for which the maximum punishment is life imprisonment or death. See 18 U.S.C. § 3559(a)(1). McCollum argues that his conviction under § 924(c) was not for a Class A felony because the prison terms set forth in § 924(c) "constitute escalating, fixed sentences, not minimum sentences with implicit life maximums." McCollum Br. 11.

Section 924(c) sets forth minimum sentences to be imposed in certain circumstances, but it does not contain any express maximum sentence. See 18 U.S.C. § 924(c). We have recognized that where Congress has not provided an express statutory maximum, it has "implicitly authorized district courts to impose sentences . . . up to a maximum of life imprisonment." United States v. Shabazz, 564 F.3d 280, 289 (3d Cir. 2009) (quotation marks omitted). Accordingly, "the express inclusion of a minimum sentence, but not a maximum sentence" in § 924(c) "indicates an intention to make life imprisonment the statutory maximum." Id. Every other Court of Appeals to address this issue has reached the same conclusion. See, e.g., United States v. Johnson, 507 F.3d 793, 798 (2d Cir. 2007); United States v. Dare, 425 F.3d 634, 642 (9th Cir. 2005); United States v. Avery, 295 F.3d 1158, 1170 (10th Cir. 2002); United States v. Cristobal, 293

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). As McCollum challenges the District Court's legal conclusion that 18 U.S.C § 924(c) carries a maximum sentence of life imprisonment, our review is plenary. United States v. Shabazz, 564 F.3d 280, 288 n.7 (3d Cir. 2009).

F.3d 134, 147 (4th Cir. 2002); <u>United States v. Sandoval</u>, 241 F.3d 549, 551 (7th Cir. 2001); <u>United States v. Pounds</u>, 230 F.3d 1317, 1319 (11th Cir. 2000).

In light of our prior holding, McCollum's argument that § 924(c) does not carry a maximum life sentence is unavailing. His violation of § 924(c)(1)(A)(i) is properly considered a Class A felony. Thus, the District Court did not err when it calculated McCollum's revocation Guidelines range.

III.

For the foregoing reasons, we will affirm the judgment of the District Court.