[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14091
Non-Argument Calendar
_____

D.C. Docket No. 7:01-cr-00011-HL-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONALD RAY CEASAR,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(July 3, 2014)

Before WILSON, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Donald Ray Ceasar appeals from the district court's imposition of a 27-month sentence following the revocation of his term of supervised release. Mr. Ceasar argues that the district court erred in concluding that his underlying conviction for possession of a firearm during a crime of violence, *see* 18 U.S.C. § 924(c)(1)(A)(ii), was a Class A felony for purposes of calculating his advisory revocation Guidelines range. Specifically, he argues that § 924(c)(1)(A)(ii) should be characterized as a Class B felony because the statute does not explicitly authorize a life sentence.

We review de novo the legality of a sentence imposed pursuant to the revocation of a term of supervised release. *United States v. Pla*, 345 F.3d 1312, 1313 (11th Cir. 2003). Following a review of the record and the parties' briefs, we affirm.

A defendant's advisory guideline range following a revocation of supervised release is generally determined based on the grade of the release violation and the defendant's underlying criminal history category. *See* U.S.S.G. § 7B1.4(a). Where a defendant commits a Grade A release violation, as Mr. Ceasar did, he receives a higher guideline range if his underlying conviction was for a Class A felony. *See id.*

"An offense that is not specifically classified by a letter grade in the section defining it, is classified [according to] the maximum term of imprisonment

2

authorized." 18 U.S.C. § 3559(a). The crime is considered a Class A felony where the maximum penalty is death or life imprisonment, and a Class B felony where the maximum term of imprisonment is 25 years or more. *See* § 3559(a)(1) & (2). Although Congress did not specify a maximum sentence that may be imposed for a violation of 18 U.S.C. § 924(c)(1)(A)(ii), providing instead that the defendant shall "be sentenced to a term of imprisonment of not less than 7 years," we have held that the statutory maximum sentence for all subsections of § 924(c)(1)(A) is life imprisonment. *See United States v. Pounds*, 230 F.3d 1317, 1319 (11th Cir. 2000). "Every other Court of Appeals to address this issue has reached the same conclusion." *United States v. McCollum*, 548 F. App'x 65, 66-67 (3d Cir. 2013) (collecting cases).

Accordingly, because the "maximum term of imprisonment authorized" under § 924(c)(1)(A) is life imprisonment, it is properly classified as a "Class A felony" under 18 U.S.C. § 3559(a)(1). *See also United States v. Cudjoe*, 634 F.3d 1163, 1166 (10th Cir. 2011) (holding that an offense under §924(c)(1)(A)(i) is "properly classified as a Class A felony" because "the sentencing range for a violation of § 924(c)(1)(A)(i) extends to life imprisonment"); *United States v. Miles*, 947 F.2d 1234, 1235-36 (5th Cir. 1991) (holding that crimes subject to a minimum sentence of 15 years under 18 U.S.C. § 924(e)(1) are properly characterized as Class A felonies under 18 U.S.C. § 3559).

Because the district court properly classified Mr. Ceasar's underlying offense under § 924(c)(1)(A)(ii) as a Class A felony, it committed no error in calculating his advisory guideline range.

**AFFIRMED.**