FILED
United States Court of Appeals
Tenth Circuit

**March 15, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

No. 09-6257

LAVERTISE ANTWION CUDJOE,

Defendant-Appellant.

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**(D.C. No. 5:06-CR-00248-R-3)**

---

Submitted on the briefs:[*]

Michael S. Johnson, Oklahoma City, Oklahoma, for Defendant-Appellant.

Leslie M. Maye, Assistant United States Attorney, (Sanford C. Coats, United States Attorney, on the brief), Oklahoma City, Oklahoma, for Plaintiff-Appellee.

---

Before **KELLY** and **BALDOCK**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

---

**BALDOCK**, Circuit Judge.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Pursuant to a plea agreement, Lavertise Antwion Cudjoe pleaded guilty to conspiracy to possess with intent to distribute and to distribute controlled substances, in violation of 21 U.S.C. §§ 841 and 846 (Count 1), and to carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 74). He was sentenced to 360 months of imprisonment for Count 1 and a consecutive 60 months of imprisonment for Count 74, for a total of 420 months. On appeal, we concluded that the government had breached its obligation to refrain from recommending a sentence greater than 360 months and remanded for resentencing. *United States v. Cudjoe*, 534 F.3d 1349, 1356-57 (10th Cir. 2008).

On remand, the district court sentenced Mr. Cudjoe to 300 months of imprisonment for Count 1 and 60 months for Count 74, for a total of 360 months. Mr. Cudjoe again appealed. His counsel filed an opening brief and a motion to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Availing himself of the opportunity to respond to his counsel's submission, *see id.* at 744, Mr. Cudjoe filed a response and a supplement identifying several issues he wishes to appeal. But in its response brief, the government moved to enforce the appeal waiver in Mr. Cudjoe's plea agreement. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam). Accordingly, the first (and, as it turns

out, the only) issue in this appeal is whether the appeal waiver should be enforced.

Under *Anders*, we conduct a "full examination of all the proceedings, to decide whether the case is wholly frivolous." 386 U.S. at 744. Under *Hahn*, "in reviewing appeals brought after a defendant has entered into an appeal waiver," we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." 359 F.3d at 1325. Because all of the *Hahn* factors are satisfied, we dismiss the appeal. But because this analysis requires us to recognize that our precedent has been abrogated by intervening statutory changes, we cannot conclude that the appeal is entirely frivolous. Thus, we deny counsel's motion to withdraw pursuant to *Anders*.

### 1. Scope of the Waiver

The waiver provides:

[D]efendant in exchange for the promises and concessions made by the United States in this plea agreement, knowingly and voluntarily waives his right to:
    a.   Appeal . . . his guilty plea, sentence and restitution imposed, and any other aspect of his conviction . . . ;
    b.   Appeal . . . his sentence as imposed by the Court and the manner in which the sentence is determined, provided the sentence is within or below the advisory guideline range determined by the Court to apply to this case. . . .
    c.   It is provided that defendant specifically does not waive the right to appeal a sentence above the advisory sentencing guideline range determined by the Court to apply to this case.

Record on Appeal, Vol. 1 at 136.

Counsel identifies no issues for appeal, but Mr. Cudjoe lists seven potential issues, all involving his sentence: (1) the calculation of his criminal history score; (2) the assessment of a two-level enhancement for obstruction of justice under Sentencing Guideline § 3C1.2; (3) the imposition of a five-year term of supervised release on Count 74; (4) whether the court considered the § 3553(a) factors in imposing his sentence; (5) whether the court actually "resentenced" him as this court ordered in the first appeal because it did not hold a de novo sentencing hearing; (6) that the Supreme Court could decide in the then-pending cases of *United States v. Abbott*, No. 09-479, and *Gould v. United States*, No. 09-7073, that his firearms sentence should not run consecutive to his drug sentence;[1] and (7) that he is entitled to a reduced sentence under the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372, which lowered the sentencing ratio between crack and powder cocaine. Given that Mr. Cudjoe's sentence was within the Guidelines range determined by the district court, and that all of these issues seek to attack that sentence, with one exception they clearly fall within the scope of his appeal waiver.

---

[1]    This issue is moot, as the Supreme Court has issued a single opinion deciding both cases unfavorably to Mr. Cudjoe's position. *See Abbott v. United States*, 131 S. Ct. 18, 23 (2010).

The exception is Mr. Cudjoe's argument that the district court erroneously sentenced him to a five-year term of supervised release on Count 74.[2] Mr. Cudjoe points out that in his petition to enter a guilty plea, the parties agreed that Count 74 carried a maximum of three years of supervised release. Mr. Cudjoe's understanding is supported by *United States v. Corey*, 999 F.2d 493, 496 (10th Cir. 1993), in which this court stated that a violation of § 924(c)(1) is a Class D felony, subject to a three-year maximum of supervised release. If the five-year term of supervised release exceeds the statutory maximum, then it is an illegal sentence. *See United States v. Gonzalez-Huerta*, 403 F.3d 727, 739 n.10 (10th Cir. 2005). Under other circumstances, we have held that an illegal sentence is outside the scope of an appeal waiver. *See United States v. Hudson*, 483 F.3d 707, 710 (10th Cir. 2007) ("[R]egardless of whether Defendant's waiver of appellate rights would otherwise be enforceable, he cannot be deemed to have waived his right to appeal the legality of the court's restitution order."); *see also United States v. Gordon*, 480 F.3d 1205, 1208-09 (10th Cir. 2007) (same); *United States v. Cockerham*, 237 F.3d 1179, 1182 (10th Cir. 2001) (stating that "a waiver may not be used to preclude appellate review of a sentence that exceeds the statutory maximum" (alteration and quotation omitted)). And an illegal sentence

---

[2] The court ordered the United States and Mr. Cudjoe's counsel to file supplemental briefs regarding the term of supervised release for Count 74. The United States filed its brief, and Mr. Cudjoe filed a pro se supplemental brief, which his counsel adopted.

"trigger[s] per se, reversible, plain error." *Gonzalez-Huerta*, 403 F.3d at 739 n.10.

Notwithstanding *Corey*, however, the supervised release provision does not exceed the statutory maximum, and thus it is not an illegal sentence. After this court issued *Corey*, Congress amended § 924(c)(1) to add subsections (A)(i), (ii), and (iii) and to change the flat five-year sentence in the previous § 924(c)(1) to a *minimum* five-year sentence for a violation of § 924(c)(1)(A)(i). *See* Criminal Use of Guns Act, P.L. 105-386, 112 Stat. 3469 (1998). "A person convicted of the primary offense of using or carrying a firearm during a crime of violence was once to 'be sentenced to imprisonment for five years,' but under the current version he or she is to 'be sentenced to a term of imprisonment of not less than 5 years.'" *United States v. O'Brien*, 130 S. Ct. 2169, 2179 (2010). As amended, the sentencing range for a violation of § 924(c)(1)(A)(i) extends to life imprisonment. *See United States v. Avery*, 295 F.3d 1158, 1170 (10th Cir. 2002). Thus, this offense now is properly classified as a Class A felony*, see* 18 U.S.C. § 3559(a)(1), and Class A felonies are subject to a statutory maximum of five years of supervised release, *see id.* § 3583(b)(1). Accordingly, imposing a term of five years of supervised release on Count 74 did not exceed the statutory maximum. It follows that the sentence was not illegal. And because the sentence

imposed was not an illegal sentence, Mr. Cudjoe's challenge to it also falls within the scope of the appeal waiver.[3] This portion of the *Hahn* analysis is satisfied.

### 2. *Knowing and Voluntary*

In evaluating whether an appeal waiver was knowing and voluntary, "we examine whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily" and "we look for an adequate Federal Rule of Criminal Procedure 11 colloquy." *Hahn*, 359 F.3d at 1325. It is Mr. Cudjoe's burden to present evidence establishing that he did not understand the waiver. *See id.* at 1329; *United States v. Edgar*, 348 F.3d 867, 872-73 (10th Cir. 2003).

Both the plea agreement and the Rule 11 colloquy clearly set out the appeal waiver and the knowing and voluntary nature of the plea. Mr. Cudjoe has not presented any argument or evidence that the waiver was unknowing or involuntary, and our independent review did not identify any basis to determine

---

[3] Mr. Cudjoe points out that his petition to enter a guilty plea stated that Count 74 was subject to a maximum of three years of supervised release. That understanding also was reflected in the plea agreement. But at best, the acknowledgment was a mutual mistake by the parties. While a plea agreement may be voidable on the basis of mutual mistake, *see United States v. Frownfelter*, 626 F.3d 549, 555 (10th Cir. 2010), Mr. Cudjoe has not sought to rescind the agreement or satisfied the applicable three-part test. Moreover, the district court correctly advised Mr. Cudjoe of the five-year supervised release period during the plea colloquy, and Mr. Cudjoe knew that Count 1 was subject to a five-year period of supervised release that would be served concurrently to any term of supervised release on Count 74.

otherwise.  Thus, we conclude that this portion of the *Hahn* analysis also is satisfied.

### *3.  Miscarriage of Justice*

An appeal waiver will not be enforced where it will result in a miscarriage of justice, which *Hahn* defined as where (1) "the district court relied on an impermissible factor such as race"; (2) "ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid"; (3) "the sentence exceeds the statutory maximum"; or (4) "the waiver is otherwise unlawful."  359 F.3d at 1327 (quotation omitted).

Mr. Cudjoe does not suggest that any of these factors are implicated in this case, and our independent review does not indicate to the contrary.[4]  Therefore, no miscarriage of justice will result from enforcing the waiver.  The third portion of the *Hahn* analysis is satisfied.

### *Conclusion*

The motion to adopt the pro se response is GRANTED.  The motion to withdraw pursuant to *Anders* is DENIED.  The motion to enforce the plea agreement is GRANTED, and this appeal is DISMISSED.

---

[4]     Our decision that the five-year term of supervised release on Count 74 is not an illegal sentence precludes any argument that the imposition of that sentence creates a miscarriage of justice under the third *Hahn* definition of that term.

The United States concedes that Mr. Cudjoe's judgment of conviction inaccurately recites his conviction on Count 74 as a violation of § 924(c)(1)(A)(ii), rather than § 924(c)(1)(A)(i). The United States is directed to file a motion in the district court to correct this clerical error in the judgment.