**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 14, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DAMINION T. TITTIES, a/k/a Damion
Tyrone Tittle, a/k/a Damion Tyron Tittles,
a/k/a Capone,

    Defendant - Appellant.

No. 17-6140
(D.C. No. 5:15-CR-00018-R-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT***
_____

Before **BRISCOE**, **HOLMES**, and **MATHESON**, Circuit Judges.
_____

Daminion T. Titties pleaded guilty to being a felon in possession of a firearm.
*See* 18 U.S.C. § 922(g)(1). His plea agreement explained that the maximum statutory
sentence for this crime is 10 years, *see id.* § 924(a)(2); however, if the Armed Career
Criminal Act ("ACCA") applies, the maximum statutory sentence is 15 years to life
imprisonment, *see id.* § 924(e)(1). The district court enhanced Mr. Titties' sentence
under the ACCA and sentenced him to 188 months in prison.

---

   * This panel has determined unanimously that oral argument would not
materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.
This order and judgment is not binding precedent, except under the doctrines of law
of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Titties successfully challenged the application of the sentencing enhancement. Although his plea agreement included a broad waiver of appellate rights, the waiver did not come into play because his sentence was over the statutory maximum and the advisory guideline range. Finding the ACCA enhancement to be improper because one of his three prior convictions was not a qualifying offense, we vacated Mr. Titties' sentence and remanded for resentencing. *See United States v. Titties*, 852 F.3d 1257, 1261 (10th Cir. 2017). On remand, the district court sentenced Mr. Titties to the 120-month statutory maximum. He now appeals that sentence, and the government moves to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). We grant the government's motion and dismiss the appeal.

*Hahn* instructs us to enforce appeal waivers as long as three conditions are met: (1) the matter on appeal falls within the scope of the waiver; (2) the defendant knowingly and voluntarily waived his appellate rights; and (3) enforcing the waiver will not result in a miscarriage of justice. *Hahn*, 359 F.3d at 1325. Mr. Titties contends the first and second conditions are not satisfied. We disagree.

First, this appeal falls squarely within the scope of the waiver. Among other things, Mr. Titties waived his right to appeal "his sentence as imposed by the Court . . . and the manner in which the sentence is determined." Mot. to Enforce, Ex. 1 at 7. This waiver contains only one exception: he can appeal the substantive reasonableness of an above-guidelines sentence. *See id.* ("If the sentence is above the advisory guideline range determined by the Court to apply to his case, this waiver

2

does not include the defendant's right to appeal specifically the substantive reasonableness of his sentence.").  The district court determined that a 121- to 151-month advisory guideline range applies to Mr. Titties.  His 120-month sentence is *below* that range, so the exception does not apply.

Mr. Titties acknowledges in his response that the district court imposed a sentence that was "less than the calculated guideline range of 121-151 months." Resp. to Mot. at 7.  But he asks us to use a different benchmark:  the 70- to 87-month range that he requested at the first sentencing hearing.  Because that figure incorporates a downward variance that was rejected by the district court, it is not what was "determined by the Court to apply to his case," as the exception requires. Mr. Titties argues that "he has a right to challenge any part of his sentence when the overall sentence represents an upward departure from the proper Guideline range or [when] his sentence is not substantively reasonable." *See* Resp. to Mot. at 7.  But nothing in the plea agreement supports this argument.

Second, the language of the plea agreement and the transcript of the plea hearing show that Mr. Titties' waiver of his appellate rights was knowing and voluntary. *See United States v. Cudjoe*, 634 F.3d 1163, 1166 (10th Cir. 2011) ("In evaluating whether an appeal waiver was knowing and voluntary, we examine whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily and we look for an adequate Federal Rule of Criminal Procedure 11 colloquy." (internal quotation marks omitted)).  The plea agreement contains "knowingly and voluntarily" language, Mot. to Enforce, Ex. 1

3

at 7, as well as details on the maximum punishment (with and without the ACCA enhancement) and the appellate waiver. Furthermore, during the plea colloquy, the district court ensured that Mr. Titties understood his plea agreement as a whole and his appellate waiver in particular.

Mr. Titties bears the "burden to present evidence establishing that he did not understand the waiver." *Cudjoe*, 634 F.3d at 1166. He presents evidence of his confusion during his resentencing hearing and claims the district court should have described the waiver in more detail at the plea hearing. But confusion in June 2017 has no bearing on whether he knowingly and voluntarily waived his appellate rights when he signed the plea agreement and entered his guilty plea in August 2015. Further, the details of the waiver are evident in both the plea agreement and the plea colloquy, and Mr. Titties' subsequent filings reveal his continued awareness of the 120-month statutory maximum for his offense.

Finally, Mr. Titties does not argue that enforcing the waiver will result in a miscarriage of justice, nor do we discern any reason why it would.

For these reasons, we grant the government's motion to enforce and dismiss the appeal.

Entered for the Court
Per Curiam
