FILED
United States Court of Appeals
Tenth Circuit

August 9, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DALE K. HILL,

Defendant - Appellant.

No. 17-3124
(D.C. Nos. 2:16-CV-02465-CM &
2:11-CR-20090-CM-1)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.

Petitioner Dale Hill, a federal prisoner, seeks a certificate of appealability

to appeal the district court's denial of his 28 U.S.C. §2255 habeas petition.

Petitioner argues that his conviction under 18 U.S.C. § 924(c)—based on his

armed bank robbery as the predicate crime of violence—is unconstitutional in

light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).

In 2012, Petitioner pled guilty to one count of armed bank robbery under 18

U.S.C. §§ 2113(a) and (d), and one count of using a firearm during and in relation to a

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

crime of violence under 18 U.S.C. § 924(c)(1)(A)(ii).  He was sentenced to seventy-seven months for the armed bank robbery and eighty-four months for using a firearm during a crime of violence, to be served consecutively.  In relevant part, § 924(c)(1)(A) provides that:

> [A]ny person who, *during and in relation to any crime of violence* . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possess a firearm, shall, in addition to the punishment provided for such crime of violence . . .
>
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years . . . .

§ 924(c)(1)(A) (emphasis added).  Under this section, a "crime of violence" refers to a felony offense that "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another [elements or use of force clause], or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [residual clause]."  18 U.S.C. § 924(c)(3).  Petitioner did not directly appeal his conviction or sentence.

In his petition, Petitioner argues that his armed bank robbery could only have been considered a crime of violence under § 924(c)(3)'s residual clause, which he contends is unconstitutionally vague under *Johnson*.  *Johnson* invalidated the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), which contains similar language to § 924(c)(3)(B), defining a "violent felony" as a crime that "involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B)(ii).  *Johnson*'s

2

holding was made retroactive for all cases on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1265 (2016); *see also* 28 U.S.C. § 2255(f)(3).

Petitioner filed a pro se § 2255 petition to vacate his sentence within one year of *Johnson*. The district court denied the petition on the grounds that Petitioner's plea agreement "waived the right to challenge his sentence in a collateral attack under § 2255." (R. at 107.) Relying on *United States v. Frazier-LeFear*, 665 F. App'x 727, 729 (10th Cir. 2016), the district court reasoned that enforcing the waiver would not result in a "miscarriage of justice," because Petitioner's claim "is a challenge to the lawfulness of his sentence, not to the lawfulness of his waiver." (R. at 107.) On appeal, Petitioner argues that the district court's analysis is no longer valid because *Frazier-LeFear* has been substantially overruled by the Supreme Court's recent decision in *Class v. United States*, 138 S. Ct. 798, 803 (2018), in which the Court held that a guilty plea by itself does not "ba[r] a federal criminal defendant from challenging the constitutionality of the statute of conviction on direct appeal."

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Each component of [this] showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and

3

prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.*

In this case, we find it easiest to first resolve the question of whether Petitioner has shown a valid claim of the denial of a constitutional right based on the use of his § 2113 bank robbery conviction as the predicate crime of violence for his conviction under § 924(c). In a recent precedential opinion, we held that a § 2113 bank robbery conviction is categorically a crime of violence. *United States v. McCranie*, 889 F.3d 677, 679-681 (10th Cir. 2018). In so doing, we rejected the same arguments that Petitioner wishes to raise in this appeal, such as his argument that bank robbery does not have the use of force as an element because it can be satisfied through intimidation. *See id.* at 680-81 ("[E]very definition of intimidation requires a purposeful act that instills objectively reasonable fear (or expectation) of force or bodily injury. . . . [I]ntimidation thus qualifies as a threatened use of physical force against the person of another."). Moreover, Petitioner has not met his burden of proving that his conviction and sentence were based on the now-invalid residual clause rather than the valid elements clause of § 924(c)(3)(A). *See United States v. Washington*, 890 F.3d 891, 896 (10th Cir. 2018).

Because we conclude that Petitioner's habeas claim must necessarily fail on the merits, we will deny COA on this basis without addressing the correctness of the district court's procedural reasons for dismissing his habeas petition. *See Slack*, 529 U.S. at 485.

We **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal.

ENTERED FOR THE COURT


Monroe G. McKay
Circuit Judge
