**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JUAUN BIRCH, a/k/a Juan,

    Defendant - Appellant.

No. 18-1330
(D.C. No. 1:17-CR-00138-RBJ-3)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **MORITZ**, and **CARSON**, Circuit Judges.
_____

This matter is before the court on the government's motion to enforce the

appeal waiver in Juaun Birch's plea agreement.  Exercising jurisdiction under

28 U.S.C. § 1291, we grant the motion and dismiss the appeal.

**BACKGROUND**

Birch pleaded guilty to one count of conspiracy to distribute and possess with

intent to distribute cocaine and/or cocaine base, in violation of 21 U.S.C.

§§ 841(a)(1), (b)(1)(B)(ii)(II), (b)(1)(B)(iii), and 846.  The written plea agreement

contained the following appeal waiver:

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this and in exchange for the concessions made by the Government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following criteria: (1) the sentence exceeds the maximum penalty provided in the statute of conviction, (2) the sentence exceeds the advisory guideline range that applies to a total offense level of 26[,] or (3) the government appeals the sentence imposed. If any of these three criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

Mot. to Enforce, Attach. 1 at 3. It also included a detailed explanation of the possible penalties and advised Birch that the maximum allowable sentence was forty years in prison and that, based on the offense level proposed by the Government and Birch's estimated criminal history category, the recommended guidelines range was 120 to 150 months' imprisonment. *Id*. at 5, 9.

The Statement by Defendant in Advance of Plea of Guilty ("Statement in Advance") that accompanied the written plea agreement included the same appeal waiver language and sentencing advisement. By signing it, Birch certified that he had discussed the written plea documents with counsel and that he understood the terms of the plea agreement, including the appeal waiver and possible penalties. Birch expressly acknowledged that "[b]ecause of [the appeal waiver], I know that I cannot seek appellate review of the sentence imposed by the Court in this case, except in the limited circumstances, if any, permitted by my plea agreement." R., Vol. 1 at 60-61. He also acknowledged that he understood that he could ask the court any questions he had about his plea at the change of plea hearing, and he

2

confirmed that his decision to plead guilty was "made after full and careful thought, with the advice of [his] attorney, and with full understanding of [his] rights" and the consequences of pleading guilty. *Id*. at 62.

At his change of plea hearing, Birch confirmed that he had read and discussed the written plea documents with counsel before signing them and assured the court that he understood them. After the court reminded Birch of the possible sentences, they had the following colloquy about his appeal waiver:

> THE COURT: After I've decided what to sentence you to, Mr. Birch, then you have a right to an appeal, as everyone does. However, as part of your plea agreement here, you've compromised your right to appeal to some extent. Do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Essentially you have waived your right to appeal unless one of several exceptions that are listed in your plea agreement applies. If one of those exceptions applies, you can appeal. If no exception applies, then you're going to be stuck with what I do. Do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Any questions about your appeal waiver?
>
> THE DEFENDANT: No, sir.

Mot. to Enforce, Attach. 2 at 9-10. Birch repeatedly declined to ask questions when given the opportunity to do so, and responded "No, sir," when the court asked near the end of the hearing whether he had "any questions about anything we've been talking about." *Id*. at 10. Based on Birch's responses to the court's questions and its

3

observations of his demeanor during the hearing, the court accepted his plea as having been voluntarily, knowingly, and intelligently entered.

At the subsequent sentencing hearing, the court adopted a significantly reduced guidelines range and sentenced Birch at the low end of that range to 72 months in prison. At the end of the hearing, the court stated that Birch "has a right to appeal within 14 days of the entry of judgment." Mot. to Enforce, Attach. 3 at 34. Neither Birch nor his attorney suggested that the court's statement was confusing in light of the appeal waiver.

Despite the fact that Birch's sentence did not fall within any of the exceptions that would permit an appeal, he filed an appeal challenging the district court's denial of his objection to the pre-sentence investigation report and the court's enhancement of his sentence based on his supervisory role in the conspiracy.

## DISCUSSION

Whether a defendant's appeal waiver is enforceable is a question of law. *United States v. Ibarra-Coronel*, 517 F.3d 1218, 1221 (10th Cir. 2008). In ruling on a motion to enforce, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam). Birch concedes that the appeal falls within the scope of the appeal, but claims the waiver was not knowing and voluntary and that enforcing it would result in a miscarriage of justice. We disagree.

4

**Knowing and Voluntary**

When determining whether an appeal waiver was knowing and voluntary,

> *Hahn* instructs us to look to the plea agreement and the explanation the district court provided to the defendant. Thus, we ordinarily look to (1) whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily; and (2) whether the district court conducted an adequate [Rule] 11 colloquy.

*United States v. Rollings*, 751 F.3d 1183, 1188 (10th Cir. 2014) (internal quotation marks omitted). "[I]f the defendant did not voluntarily enter into the agreement, the appellate waiver subsumed in the agreement also cannot stand." *Id*. at 1189.

Birch claims his waiver was not knowing and voluntary because the district court's advisement at the change of plea hearing was inadequate. More specifically, he maintains that the court did not explain the exceptions to the appeal waiver or advise him that it would "bar him from appealing the length of his sentence," including the court's guidelines range determination. Resp. at 4. He also claims the court's statement at the end of the sentencing hearing about his right to appeal compounded the alleged problems with the oral advisement. *Id.* at 5. We disagree.

In determining whether a defendant knowingly and voluntarily waived his appellate rights, we focus on two factors: "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily" and "whether there was an adequate Federal Rule of Criminal Procedure 11 colloquy." *United States v. Tanner*, 721 F.3d 1231, 1233 (10th Cir. 2013) (internal quotation marks omitted). To avoid enforcement of his appeal waiver,

Birch must "present evidence establishing that he did not understand the waiver." *United States v. Cudjoe*, 634 F.3d 1163, 1166 (10th Cir. 2011).

Birch's attorney did not object to any deficiencies in the colloquy about the appeal waiver at the change of plea hearing or otherwise object to the adequacy of the plea advisement under Fed. R. Crim. P. 11. Accordingly, we "review[] [the] alleged violations of Rule 11(b) . . . under the exacting plain error standard." *United States v. Carillo*, 860 F.3d 1293, 1300 (10th Cir. 2017). Plain error occurs when there is "(1) an error; (2) the error is plain or obvious; (3) the error affects the appellant's substantial rights (i.e., the error was prejudicial and affected the outcome of the proceedings); and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id*. Where "unpreserved Rule 11(b)(1) errors" are at issue, "an appellant's substantial rights are affected only if he can show a reasonable probability that, but for the error, he would not have entered the plea." *Id*. at 1300-01 (internal quotation marks omitted).

Here, before entering his guilty plea, Birch discussed the terms of the plea agreement with his attorney and signed the written plea agreement and Statement in Advance, confirming that he understood the terms of the plea agreement, including the possible penalties and the specifics of his appellate waiver. At the change of plea hearing, the district court reiterated the applicable sentencing ranges and reminded Birch that he was waiving his right to appeal "unless one of several exceptions that are listed in your plea agreement applies." Mot. to Enforce, Attach. 2 at 9. Birch did not ask the court to explain the exceptions, suggest that the oral advisement

6

contradicted his understanding of the plea agreement, or request clarification from the court when given an opportunity to do so. Under these circumstances, we conclude that Birch has failed to meet his burden of showing that his waiver was not knowing and voluntary and that the alleged deficiencies in the oral plea advisement affected his substantial rights. *See United States v. Rodriguez-Rivera*, 518 F.3d 1208, 1215-16 (10th Cir. 2008) (holding that defendant knowingly and voluntarily waived his right to appeal despite court's failure to discuss specific waiver provision in plea colloquy where defendant did not object to omission in the district court, plea agreement detailed terms of waiver, defense counsel fully explained waiver, defendant's signature on written plea documents certified that plea was made freely and voluntarily, and he confirmed at change of plea hearing that he understood he had waived his right to appeal). And, contrary to Birch's contention, the court's comment about his right to appeal at the end of the sentencing hearing had no impact on the voluntariness of his appeal waiver. *See United States v. Atterberry*, 144 F.3d 1299, 1301 (10th Cir. 1998) (explaining that statements at sentencing "do not affect a defendant's prior decision to plead guilty and waive appellate rights" and noting that the appeal right advisement, which was required by Fed. R. Crim. P. 32(j), "may only have been intended to inform [defendant] of his right to appeal as limited by the waiver").

**Miscarriage of Justice**

A waiver of appellate rights in a plea agreement cannot be enforced if doing so would result in a miscarriage of justice. *Hahn*, 359 F.3d at 1325. A miscarriage of justice occurs "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Id*. at 1327 (internal quotation marks omitted).

Here, Birch's entire miscarriage of justice argument is that "[b]ecause [he] did not knowingly and voluntarily waive his right to appeal, it would be a manifest injustice if [his] appeal waiver were enforced against him." Resp. at 7. Because his miscarriage of justice argument is tethered to his failed claim that his waver was not knowing and voluntary entered, we reject it.

## CONCLUSION

Accordingly, we grant the government's motion to enforce the appeal waiver and dismiss the appeal.

Entered for the Court
Per Curiam

8