**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**April 4, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DAVID ISAIAH GIBSON,

    Defendant - Appellant.

No. 23-8053
(D.C. Nos. 1:23-CV-00107-SWS &
1:18-CR-00041-SWS-2)
(D. Wyo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY[*]**
_____

Before **MATHESON**, **BALDOCK**, and **McHUGH**, Circuit Judges.
_____

David Isaiah Gibson, proceeding pro se, requests a certificate of appealability

(COA) to appeal from the district court's dismissal of his 28 U.S.C. § 2255 motion to

vacate, set aside, or correct his sentence. We deny a COA and dismiss this matter.

In 2018, Mr. Gibson pleaded guilty to one count of carrying a firearm during and

in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). The

district court sentenced him to 144 months' imprisonment. In 2023, he filed his § 2255

motion. Asserting that § 924(c)(1)(A)(i) carried a maximum punishment of five years, he

argued the district court lacked jurisdiction to impose the 144-month sentence.

---

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The district court found Mr. Gibson's conviction became final on November 2, 2018. It held the § 2255 motion was time-barred because it was filed more than one year after that date. *See* 28 U.S.C. § 2255(f)(1). The court further noted that Mr. Gibson misinterpreted the statutory punishment provisions, because for a violation of § 924(c)(1)(A)(i), a five-year sentence is a *minimum* punishment, not a *maximum* punishment. It dismissed the § 2255 motion and denied a COA.

To appeal, Mr. Gibson must obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(B). To do that, he must make "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). Here, the district court denied relief on both a procedural ground and the merits. For a COA, therefore, Mr. Gibson must show that reasonable jurists would find both rulings to be debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). We construe Mr. Gibson's pro se filings liberally, but we do not act as his advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

Mr. Gibson's combined opening brief and application for COA does not address the district court's conclusion that his § 2255 motion was untimely. He thus necessarily fails to show that reasonable jurists would debate whether the court correctly determined the motion was time-barred. In addition, the argument he does make—that he was sentenced above the statutory maximum penalty—fails to show reasonable jurists would find the district court's merits decision to be debatable. The court was indisputably correct in noting the five-year term of imprisonment applicable to a violation of § 924(c)(1)(A)(i) is a minimum term, not a maximum. *See United States v. Cudjoe*, 634 F.3d 1163, 1166 (10th Cir. 2011) (explaining that, after amendments in 1998,

2

§ 924(c)(1)(A)(i) carries "a *minimum* five-year sentence" and "the sentencing range for a violation of § 924(c)(1)(A)(i) extends to life imprisonment"); *see also United States v. O'Brien*, 560 U.S. 218, 232 (2010) (recognizing that the 1998 amendments "changed what were once mandatory sentences into mandatory minimum sentences").

We deny a COA and dismiss this matter.  We grant Mr. Gibson's motion to proceed without prepayment of costs and fees.

Entered for the Court

Carolyn B. McHugh
Circuit Judge

3